March 13, 1883.

## Osborn *vs.* Hale, administrator.

This case was called, and dismissed for want of representation. Later in the same day abstracts and briefs of counsel for plaintiff in error reached the clerk by mail. On the next day such counsel appeared and made affidavit that he was detained by the sickness of his paternal grandmother, and that he had mailed his abstracts and briefs on the evening before the case was called in time to have reached the clerk, but they had not done so:

*Held,* that the case cannot be reinstated. Due diligence on the part of counsel was not exercised, and the Providential cause was not the sole cause of the dismissal.

Motion denied.

April 3, 1883.

## Head *vs.* Sticher.

Where the case is brought to this court on exception to the refusal of a new trial (the grounds of the motion being the admission and rejection of evidence and that the verdict was contrary to evidence), and there is no approved brief of evidence, the writ of error must be dismissed.

March 30, 1883.

## Osborn *vs.* The State of Georgia.

Where, upon the call of a criminal case, counsel for plaintiff in error stated in his place that his client had escaped, and remained without the jurisdiction of the court, the writ of error was dismissed.