JONES vs. THE STATE OF GEORGIA.

The engagement of counsel in other courts does not dispense with their attendance in this court. Those who are interested in its proceedings must give their attendance when their cases are called in their order. A case may be reinstated for providential cause, but other grounds are not recognized. (Rep.)

April 27, 1888.

Practice in Supreme Court.

Reported in the decision.

F. R. WALKER, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

BLECKLEY, Chief Justice.

On the call of this case, it was dismissed for want of prosecution, on the 20th of April. Upon the 25th of April, counsel for the plaintiff in error appeared and moved to reinstate the case upon his affidavit, alleging, among other things, as follows:

"When said case was reached and called for trial in said Supreme Court, he was busily engaged preparing a case for James G. Leslie, who had just been convicted in the United States circuit court for uttering and passing counterfeit coin, said preparation having been ordered by the Honorable W. T. Newman, judge of the said court, presiding, on a motion in arrest of judgment upon certain grounds therein stated, and which motion was afterwards sustained by said court."

To grant this motion would be to recognize the position that the engagement of counsel in other courts dispenses with their attendance in this court. This we cannot do. The court sits here for the transaction of the public business, and those who are interested in its proceedings must give their attendance when their cases are called in their order.

Providential cause has been recognized as a ground for reinstating a case after it was dismissed, but we are not aware that any other has been so recognized. *Ex parte Bradley*, 63 *Ga* 566; *Osborn vs. Hale*, 70 *Ga.* 731; *Brooks vs. The State*, 72 *Ga.* 899. In fact, the point is absolutely controlled by an express rule of the court. Rule of February 7, 1882, code, page 1361.

Motion denied.