## FARR *v.* THE STATE.

By THE COURT. When a case, because of the failure of counsel for the plaintiff in error to appear, either in person or by brief, and prosecute the same, is dismissed, it will not, even by consent, be reinstated upon a showing that such counsel mailed his briefs in time to reach the court before the case was called for a hearing. On the contrary, it must be held that such counsel took the risk of delays in the mail. See 24th Rule of Supreme Court, Civil Code, § 5621 ; *Osborn* v. *Hale,* 70 *Ga.* 731.

*Motion to reinstate denied. All the Justices concurring.*

Submitted January 21, — Decided January 24, 1901.

Motion to reinstate.

*C. A. Glawson* and *B. J. Fowler,* for movant.

---

## HOLLAND *v.* THE STATE.

LITTLE, J. 1. While evidence that a dwelling-house was temporarily left by the occupant ; that the doors were locked and the windows securely fastened ; that while in this condition it was entered and valuable goods were taken therefrom ; that there were no visible signs which indicated how the entrance was effected ; that the stolen goods soon after the larceny were found in the possession of the accused ; that on her arrest there was found concealed in the lining of her hat, which she attempted to throw away, a key which easily unlocked a door of the house which had been entered, is circumstantial, it is sufficiently strong to support a conviction for burglary. *Smith* v. *State,* 62 *Ga.* 663.

2. None of the grounds of the motion show that error was committed in refusing a new trial. *Judgment affirmed. All the Justices concurring.*

Argued January 21, — Decided January 24, 1901.

Indictment for burglary. Before Judge Felton. Bibb superior court. December 20, 1900.

*Augustin Daly,* for plaintiff in error.
*Hope Polhill, solicitor-general,* contra.