IRWIN *v.* ATLANTA, KNOXVILLE & NORTHERN RY. CO.

1. When for want of time to hear, during a particular term of the Supreme Court, oral arguments in civil cases entered upon the docket thereof, the court passes an order directing and requiring briefs to be filed in such cases, and limiting the time for so doing to a day named, all such cases must be treated as though they had been called for argument upon that day, and consequently the writ of error in any given case wherein briefs are not filed for the plaintiff in error until after that day has passed must, under the operation of rule 24 of this court, be dismissed for want of prosecution.

2. Such a writ of error can not be saved from dismissal by any waiver or consent on the part of the defendant in error ; for not only is the above rule of this court applicable, but, under par. 6 of sec. 2 of art. 6 of the constitution (Civil Code, § 5837), the writ of error must be dismissed if the plaintiff in error is not at the first term prepared to prosecute his case, save only when prevented from so doing by providential cause, in which event he should apply for a continuance.

Submitted March 2, — Decided March 28, 1901.

Practice in the Supreme Court.

*J. Z. Foster* and *T. B. Irwin*, for plaintiff.
*Smith, Hammond & Smith*, for defendant.

FISH, J.   Because of want of time to hear, during the present term, oral arguments in all civil cases upon the docket, this court, on January 25, 1901, passed the following order: "After hearing argument in cases through the Macon circuit, no further arguments in civil cases will be heard at the present term.   It is, therefore, ordered that counsel in all the remaining civil cases on the docket for the October term, 1900, be and they are hereby required to file their briefs in the clerk's office, on or before the 25th day of February.   Counsel for plaintiffs in error are required to pay costs upon filing their briefs.   Civil Code, § 5580, Rule of Court 15.   Oral argument will not thereafter be heard in any case upon said docket, unless, in special instances, expressly so ordered by the court, of its own motion.   On Saturday, March 2, all cases then remaining on the docket will be called, and as each case is sounded, motions to continue, to dismiss, to withdraw, to make parties, to perfect records, and all other motions of a preliminary nature will be noted; and no such motion will be afterwards received, the grounds of which existed and might by reasonable diligence have been known at the time of said call.   It is further ordered that cases in which no briefs are filed for plaintiffs in error pursuant to this order will be dismissed for want of prosecution, unless a sufficient reason to the contrary be shown."   No brief for plaintiff in error in the present case was filed till February 28, 1901, nor was any motion to continue the case filed on or before February 25.   When the docket was called on March 2, counsel for defendant in error offered to waive the provisions of the order requiring a brief to be filed for plaintiff in error on or before February 25, and stated that he was moved to make such offer by reason of the fact that the failure of the counsel for plaintiff in error to file a brief in accordance with the order was the result of providential cause.   Counsel for plaintiff in error was not present at the call, and no motion to continue or for other purpose was made in behalf of the plaintiff in error.   Under the facts stated, we are constrained by the terms of the order to dismiss this writ of error.   The order expressly declares "that cases in which no briefs are filed for plaintiffs in error pursuant to this order will be dismissed for want of prosecution, unless a sufficient reason to the contrary be shown."   In view of the provisions of the order, the case must be treated as though it had been called for argument on the 25th of February, and, therefore, coming within the operation

of Rule 24 of this court, which provides that, " On the call of a case, if the plaintiff in error be unrepresented, . . the case will be dismissed for want of prosecution, and will not be reinstated except for providential cause." As stated, no motion was made at any time, in behalf of the plaintiff in error, to continue the case, or for any other purpose, but counsel for the defendant in error offered to waive the requirements of the order in reference to the limitation of the time for filing a brief by plaintiff in error. Such a waiver can not save the writ of error from dismissal, which must be ordered, not only in pursuance of the above-quoted rule of this court, but also under par. 6, sec. 2, art. 6 of the constitution of the State (Civil Code, § 5837), which declares that " The Supreme Court shall dispose of every case at the first or second term after such writ of error is brought; and in case the plaintiff in error shall not be prepared at the first term to prosecute the case—unless prevented by providential cause,—it shall be stricken from the docket, and the judgment below shall stand affirmed."

*Writ of error dismissed. All the Justices concurring.*