FANNIN COUNTY v. DORSEY, BREWSTER & HOWELL.

A failure to definitely employ counsel to prosecute a case pending in this court, or a misunderstanding among counsel as to whether such employment has been made, affords no good excuse for a failure to prosecute the case.

Submitted March 2, — Decided March 28, 1901.

Practice in the Supreme Court.

*A. S. J. Hall, O. R. Dupree,* and *Smith, Hammond & Smith,* for plaintiff in error.

*T. A. Brown, E. W. Frey, C. D. Phillips,* and *A. Heyman,* contra.

SIMMONS, C. J. The present case is, we think, controlled by the decision in *Irwin* v. *Railway Co.,* 113 *Ga.* 185. An effort was made to differentiate it by the following showing: The representative of the plaintiff in error, who was also of counsel in the case, consulted Messrs. Smith, Hammond & Smith with a view to employing them to represent the plaintiff in error in the Supreme Court. The merits of the case were discussed, and it was agreed that a certain amount would be a reasonable fee. The representative of the plaintiff in error thought that he had concluded the contract of employment, and gave no further attention to the prosecution of the case. Messrs. Smith, Hammond & Smith, on the other hand, believed that they had not been finally employed, and, awaiting further communication from the plaintiff in error, gave no further attention to the case. As a result of this misunderstanding, no brief was filed for the plaintiff in error until after the expiration of the time allowed by this court, and counsel for the defendant in error asked that the writ of error be dismissed for want of prosecution. We think that it is the duty of every plaintiff in error in a case pending in this court to appear, in person or by attorney, to prosecute his case. A failure to perform this duty, unless resulting from causes providential in their nature, must work a dismissal of the writ of error. If the plaintiff in error makes an effort to employ counsel to represent him in the prosecution of his case, and, by reason of misunderstanding between counsel and client or of a failure to make a definite contract of employment, such counsel fail to appear to prosecute the case, the writ of error must be dismissed. The plaintiff in error may be unfortunate, but his misfortune results from a failure properly to look after his case or from a mistaken belief that he had looked after it. We are clear that there is nothing in the showing made to take the present case out of the ruling made in the case above cited.

*Writ of error dismissed. All the Justices concurring.*