## PEOPLE v. JOY.

### Cr. No. 787; December 7, 1901.

#### 66 Pac. 964.

**Burglary—Evidence.—Defendant was Found at Night, Less Than an Hour** after a malt-car was burglarized, and less than two blocks from the car, with two other boys, each having on his shoulder a sack of the stolen malt. Defendant's companions escaped, but he was seized in the act of dropping the malt. He refused to explain to the officer what he was doing with the malt, and on his preliminary examination testified that he did not remember anything of his arrest, or that he had any conversation with the officer, or that he had any sack in his possession, or was in company with anyone at the time of his arrest. At the trial he testified that he was intoxicated on that evening; that he met three persons, who had four sacks of malt with them; and that he, at their request, assisted in carrying one of the sacks for them. Held, that defendant's conduct in refusing to answer the officer, and his failure of memory at the preliminary examination, followed by his recollection of an important fact in his favor on the trial, betrayed guilt, which, corroborated by the fact of the possession of the stolen property, was sufficient to support a conviction.[1]

**Burglary—Evidence.—An Officer Accosted Defendant at Night** with stolen malt in his possession, and asked him what he was doing

---

[1] **Cited** and followed in State v. Sparks, 40 Mont. 87, 135 Am. St. Rep. 608, 105 Pac. 89, it being said there that the finding of the property, soon after its having been taken from its owner, in the possession of the accused, if proved, together with circumstances showing guilty conduct, amounts to presumptive evidence not only of the larceny, but also that such person "made use of the means by which the property was acquired."

with that; whereupon defendant replied that he was no chicken, and was not going to tell. Held, that such statement was a mere declaration of the defendant against interest, and not a confession, and was therefore admissible without a foundation showing that the statements were voluntary.

Criminal Law—Evidence Given at Preliminary Examination.— On a criminal prosecution parts of the testimony of a police officer, given at the preliminary examination of the defendant as to a conversation between the officer and defendant, may be read to the officer to refresh his memory.

Criminal Law—Evidence Given at Preliminary Examination.— An objection to the reading of the testimony of a police officer given at the preliminary examination, on the trial, to refresh his memory, merely reciting that it is an objection to the testimony of the lower court on the pretense that it is used to refresh the memory of the witness or for any other purpose, without any objection to the evidence as incompetent, secondary or hearsay, is insufficient.

APPEAL from Superior Court, City and County of San Francisco; W. P. Lawlor, Judge.

James Joy was convicted of burglary, and he appeals. Affirmed.

John S. Partridge and A. W. Lyser for appellant; Tirey L. Ford, attorney general, and C. N. Post, deputy attorney general, for the people.

GRAY, C.—The appellant was charged with burglary in having entered a freight-car of the Southern Pacific Company in San Francisco with intent to commit larceny therein. There was also a charge of a prior conviction of petit larceny against appellant. The prior conviction was confessed, and on a trial the defendant was convicted of burglary in the second degree, and sentenced to five years in the state prison.

1. The first contention for a reversal of the judgment is that there was no evidence against defendant except the finding of some malt stolen from the burglarized car, in his possession soon after it was stolen. The evidence touching the matter is as follows: The defendant is twenty-two years of age, and with three other boys he was found about two blocks from the said car at 8 o'clock in the evening, and less than an hour after the burglary was committed. Each of said boys had on his shoulder a sack of malt that had just

previously been stolen from said car. On being approached by a police officer, the boys, other than defendant, dropped the sacks of malt and ran away, but the police officer seized the defendant as he was in the act of dropping the malt from his shoulder. The officer then asked defendant what he was doing with that, and defendant replied that he was no chicken, and was not going to tell. Defendant was then taken into custody. At his preliminary examination the defendant was a witness, and testified, in substance, that he did not remember anything of his arrest, or that he had any conversation with the officer, or that he had any sack in his possession, or that he was in company with anybody at the time of his arrest. In short, his mind seems to have been a blank at the preliminary examination as to all matters connecting him with the sack of malt found in his possession. Upon the trial of his case, however, he testified that on the night of the alleged burglary about 8 o'clock in the evening, he was coming down Broadway street, and was pretty full; that he met three persons on the corner of Broadway and Front, and they had four sacks of malt with them; that they stopped him, and asked him to give them a hand, and he did so he took one sack, and they told him to "pack it as far as the corner with them." We think the defendant's conduct at the time of his arrest manifested a guilty conscience; and his failure of memory at the preliminary examination, followed by his recollection of an important fact in his favor on the trial, argues an attempt at concealment on the former occasion or falsehood on the latter. The defendant's conduct betrays guilt, and corroborated by the fact of the possession of the stolen property so near to the scene of the crime, and so soon after its commission, is sufficient to support the verdict of guilty. It cannot be said, in view of this evidence, that the fact of possession stood alone and uncorroborated: See People v. St. Claire, 5 Cal. Unrep. 294, 44 Pac. 234; People v. Luchetti, 119 Cal. 501, 51 Pac. 707.

2. There was no evidence of a confession introduced or offered, and hence there could be no necessity for laying a foundation for such evidence by showing that the statements of defendant offered in evidence were made voluntarily. The most that could be said of defendant's statements given in evidence is that they were mere declarations against interest, and in no sense were they confessions.

3. There was no error in reading to the police officer, while a witness at the trial, parts of his testimony given at the preliminary examination for the purpose of refreshing his memory as to the conversation between himself and the defendant. Besides, no proper ground was stated for the objection made by defendant. The objection as stated was: "Now, I will object to any introduction of the testimony of the lower court on the pretense that it is used to refresh the memory of the witness or for any other purpose." No objection was made that the evidence was incompetent or secondary or hearsay or anything of that kind.

The judgment and order denying a new trial should be affirmed.

We concur: Cooper, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.