## GRIFFITH *v.* MITCHELL.

1. The constitution requires that this court shall dispose of every case at the first or second term, and that in the event the plaintiff in error shall not be prepared at the first term to prosecute the case, unless prevented by providential cause, it shall be stricken from the docket.

2. The 24th rule of the Supreme Court provides that if on the call of a case the plaintiff in error be unrepresented, the case will be dismissed for want of prosecution, and will not be reinstated except for providential cause.

3. A case is unrepresented when the same is called and the plaintiff in error does not appear, either in person or by counsel, and there are at that time no briefs in behalf of the plaintiff in error of file in the clerk's office.

4. The ordinary delays of the mails do not constitute providential cause.

5. When a case is called in its order and the same is unrepresented, and an entry of dismissal is entered upon the docket and the case stricken therefrom, the dismissal is complete from that moment, notwithstanding the formal judgment of dismissal is not entered upon the minutes until a subsequent time.

6. It follows from the foregoing that when a case is called and dismissed for want of prosecution as an unrepresented case, it will not be reinstated, although it appears that during the same day and the same session of the court briefs in behalf of the plaintiff in error were delivered by the postman to the clerk in a mail package which by stamped entry thereon is shown to have been in the possession of the postal employees of the place where the court was sitting when the case was called in its order, which facts were called to the attention of the court before adjournment for the day, within a short time after the case had been dismissed, and before the judgment of dismissal had been entered upon the minutes, but after the entry had been made upon the docket and the case stricken therefrom.

Submitted February 25,— Opinion delivered March 19, 1903.

*Gignilliat & Stubbs* and *Wilson & Rogers,* for plaintiff.
*Shelby Myrick,* for defendant.

COBB, J.   The constitution declares:   "The Supreme Court shall dispose of every case at the first or second term after such writ of error is brought; and in case the plaintiff in error shall not be prepared at the first term to prosecute the case — unless prevented by providential cause, — it shall be stricken from the docket, and the judgment below shall stand affirmed."   Civil Code, § 5837. The 24th Rule of the Supreme Court provides:   "On the call of a case, if the plaintiff in error be unrepresented, counsel for defendant in error may move to open the record and insist on an affirmance of the judgment and an award of ten per cent. damages for delay; or the case will be dismissed for want of prosecution, and will not be reinstated except for providential cause."   Civil Code, § 5621.   When this case was called in its order, neither the plaintiff in error nor his counsel appeared in person to prosecute the same, and no briefs in his behalf were at that time of file in the clerk's office.   In compliance with the constitutional provision and the rule of court passed in pursuance thereof, an entry was made upon the docket to the effect that the case was dismissed for want of prosecution, and it was stricken from the docket.   At a later time in the same day, during the same session of the court, a little more than an hour after the case was called, the clerk called attention to the fact that the postman had, after the case had been stricken from the docket, delivered to him a package which contained briefs of counsel in behalf of the plaintiff in error.   This package was received before the clerk had entered upon the minutes of the court the judgment of dismissal; and it appeared by a stamped entry on the package delivered to the clerk that it had been received by the postmaster and was actually in the Atlanta post-office for some hours before the case was called in its order.   The court declined, upon this statement of facts, to expunge from the docket the entry of dismissal and reinstate the case.   In *Shackelford* v. *Hays*, 3 *Ga.* 415, it was held that miscarriage of the mails in the transmission of papers to the clerk of this court is no ground for continuing a case, unless shown to be from providential cause.   In *Osborn* v. *Hale*, 70 *Ga.* 731, the case was called and dismissed for want of prosecution.   Later in the same day briefs of counsel for plaintiff in error reached the clerk by mail.   On the next day, and presumably after the judgment of dismissal had been entered upon the minutes, a motion to reinstate the case was made, upon the

ground that counsel for plaintiff in error had been detained by sickness in his family and that he had mailed his briefs on the evening before the case was called, in time to have reached the clerk. The motion was overruled, it being held that counsel had not exercised due diligence, and that providential cause was not the sole cause of the dismissal. In *Farr* v. *State*, 112 *Ga.* 540, the case was dismissed for want of prosecution. Subsequently, and presumably after the judgment of dismissal had been entered on the minutes, a motion was made to reinstate the case, upon the ground that counsel for plaintiff in error had mailed his briefs in time to have reached the court before the case was called for a hearing. Counsel for the respondent consented to a reinstatement. It was, nevertheless, held that counsel took the risk of delay in the mail, and that the case could not be reinstated even by consent. It seems to have been settled from the time of the ruling in 3 *Ga.*, supra, down to the present time, that the ordinary delays of the mails are not, in any sense, providential cause. Providential cause has been recognized as a ground for reinstating a case after it has been dismissed, but no other ground has been so recognized. *Jones* v. *State*, 80 *Ga.* 640, and cases cited. See also, in this connection, *Irwin* v. *Railway* Co., 113 *Ga.* 185; *Irwin* v. *Williams*, Id. 187; *Fannin County* v. *Dorsey*, Id. 187.

While it is well settled that counsel takes the risks of the mails, and that the ordinary delays of the mails are not in any sense providential cause, there is no ruling by this court in a case where the facts were identical with those in the one now before us. The briefs in this case were not only deposited in the mail in time to have reached the clerk before the case was called, but they did actually reach the Atlanta post-office before that time, and were then either in the post-office or in the hands of a postman, who was on his rounds making his way to the capitol to deliver mail, and were actually delivered to the clerk before the adjournment of the court for the day and before the judgment of dismissal had been entered upon the minutes. The rule of court requires that a case shall be dismissed, if at the time it is called " the plaintiff in error be unrepresented." The plaintiff in error would be represented, within the meaning of this rule, when he appeared in person or by counsel on the call of the case, or if at that time briefs in his behalf were of file in the clerk's office. Appearance in any one of

the three ways would be representation.    Nothing else would be.
At the time the present case was called there was nothing before
the court, and nothing in the office of the clerk, to show that the
case was other than an unrepresented case.    At this time, under
the constitution and rule of court, this court had no alternative
but to dismiss the case.    When the case was called and stricken
from the docket and an entry of dismissal made thereon, the
case was as completely dismissed as it ever would be.    An en-
try of the judgment of dismissal was not necessary to make the
dismissal complete.    The minutes containing such a judgment
would be simply evidence of the fact of dismissal.    If the clerk had
failed to enter the judgment, the case would have been none the
less a dismissed case.    It is therefore a matter of no consequence
that the briefs finally reached the clerk before the judgment was
entered upon the minutes.    When counsel for plaintiff in error
selected the United States mail as their agency to transmit their
briefs to the clerk of this court, the United States postal em-
ployees became their messengers, and counsel took all the risks
that were usually incident to the business in which these messen-
gers were thus engaged.    If counsel had employed a private indi-
vidual to bring their briefs to the city of Atlanta and deliver them
to another private individual at the United States post-office,
who was to convey them from there to the capitol, it would not
be pretended for one moment that counsel had complied with their
duty, so far as the constitution and rule of court are concerned, in
regard to filing their briefs, when they made it appear that their
first messenger had, before the case was called in this court, de-
livered the briefs to him who was to be the second messenger, and
that the failure to have the briefs with the clerk in time was due
to the omission of the latter messenger.    The different postal em-
ployees who handled this package between Savannah and the capi-
tol building in Atlanta were, so far as this court is concerned, the
mere private employees of counsel, and they took the risk of these
employees delivering the package to the clerk before the case was
called.    The delay was in no sense attributable to providential cause.
It was the duty of counsel to have had their briefs in the hands of
the clerk before their case was called.    The selected messenger of
counsel failed, for some reason, to deliver the package in due time.
The case was actually dismissed before the briefs reached the clerk,

and the facts to which the clerk called the attention of the court did not constitute a sufficient reason for reinstating the case. The case of *Harvey* v. *Allen*, 94 *Ga.* 454, involved the question whether an appeal from the court of ordinary had been duly entered when the appeal papers reached the post-office of the ordinary in due time, and the ruling there made will not be extended beyond the peculiar facts of that case. See *Norrell* v. *Morrison*, 99 *Ga.* 317 (2). 　　　*Reinstatement not allowed. By five Justices.*