LONG *v.* BANK OF MINDEN, and *vice versa.*

BANK OF MINDEN *v.* LONG.

1. When, for want of time to hear, during a particular term of the Supreme Court, oral argument in civil cases entered upon the docket thereof, the court passes an order requiring parties to file briefs in such cases, and limits the time for so doing to a day named, all such cases must be treated as though they had been called for oral argument on that day; and consequently, cases in which briefs have not been filed for plaintiffs in error by the day named fall within the operation of Rule 24, and will be dismissed for want of prosecution.

2. Such cases can be saved from dismissal only when plaintiff in error is prevented by providential cause from complying with the terms of the order requiring the briefs to be filed.

3. The ordinary delays of the mail do not constitute providential cause.

Submitted July 18,—Decided November 10, 1906.

Practice in Supreme Court.

*Samuel L. Olive* and *Z. B. Rogers,* for Long.

*J. N. Worley* and *H. J. Brewer,* contra.

COBB, P. J.　The Bank of Minden sued Long in the city court of Elberton, and recovered a judgment. The defendant made a motion for a new trial, which was overruled, and he filed a bill of exceptions assigning error upon this judgment. The plaintiff filed a cross-bill, assigning error upon the refusal of the judge to dismiss the motion for a new trial, and also filed an independent bill of exceptions containing the same assignment of error. For want of time the Supreme Court was unable to hear oral argument in all civil cases entered upon the docket of the March term, 1906. On June 22, 1906, an order was passed directing and requiring briefs to be filed on July 16 in all cases in which oral argument had not been heard by that date, and it was also provided that a call of the docket would be had on July 18, and cases in which no briefs had, on or before July 16, been filed for plaintiffs in error would be dismissed for want of prosecution, unless a sufficient reason to the contrary was shown. The cases now before us were embraced in this order. When the docket was called on July 18, it appeared that no briefs had been filed on July 16 for the plaintiff in error in the case of *Long* v. *Bank of Minden.* It did appear that a brief for plaintiff in error had been delivered to the clerk by mail on July 17. Application was made to allow this brief to be filed as of July 16.

This application was based upon a written showing that counsel had deposited the brief in the postoffice at Elberton on the afternoon of July 15, at such an hour as that two mail trains would pass which would bring the brief to Atlanta for delivery by mail on July 16, if forwarded by due course of mail. It does not distinctly appear where the delay in the mails occurred, but it does appear that the package left Elberton in time to have been delivered in Atlanta on the 16th in due course of mail. Under an order of court of the character above indicated, all cases embraced therein must be treated as though they had been called for argument upon the day fixed for the filing of the briefs, and consequently a case in which no brief has been filed by that day falls within the operation of Rule 24 of the court, which declares that "On the call of a case, if the plaintiff in error be unrepresented, . . the case will be dismissed for want of prosecution, and will not be reinstated except for providential cause." *Irwin* v. *Ry. Co.,* 113 *Ga.* 185; *Irwin* v. *Williams,* 113 *Ga.* 187; *Fannin County* v. *Dorsey,* 113 *Ga.* 187. The application to file the brief as of July 16 must be treated as in the nature of a motion to reinstate the case, and therefore can not be granted, unless the grounds stated therein constitute providential cause why the brief was not filed on July 16. The ordinary delays of the mail do not constitute providential cause. *Griffith* v. *Mitchell,* 117 *Ga.* 476 (4). It therefore follows that the writ of error in the main case must be dismissed for want of prosecution. As the effect of this dismissal is to affirm the judgment in the main bill, it renders unnecessary a discussion of the points raised in the other bills of exceptions, and these will also be dismissed.

*Writ of error in each case dismissed. All the Justices concur.*