STATE, RESPONDENT, *v.* SPARKS, APPELLANT.

(No. 2,767.)

(Submitted November 23, 1909. Decided November 29, 1909.)

[105 Pac. 87.]

*Criminal Law—Burglary—Evidence—Sufficiency—Possession of Stolen Property — Larceny — Verdict — Conclusiveness — Instructions.*

Larceny—Possession of Stolen Property—Evidence—Sufficiency.
1. The mere possession of stolen property is not alone sufficient to convict the possessor of a larceny of it; but where this fact is supplemented by others inconsistent with the idea that his possession is honest, such as refusal to account for it, or the giving of a fictitious name, or the like, a case is made sufficient to go to the jury.

Burglary—Possession of Stolen Property—Evidence—Effect.
2. Proof of the fact that defendant, on trial for burglary, soon after the commission of the crime had the stolen property in his possession, together with circumstances showing guilty conduct, is presumptive evidence, not only of the larceny, but also of the burglarious means employed in obtaining the property.

Same—Evidence—*Alibi*—Verdict—Conclusiveness.
3. Where the state had made a *prima facie* case against defendant for burglary, the jury's verdict finding him guilty will not be disturbed

on appeal, notwithstanding several of his witnesses had given testimony tending to show an *alibi.* It was within the jury's province to disbelieve such witnesses.

Same—Instructions—Presumptions.

4.  The presumption obtains that the jury obeyed the court's instruction that they should draw no adverse inference from the fact that defendant did not offer himself as a witness.

Same—Verdict—When not Contrary to Law—Instructions.

5.  Where the question of the guilt or innocence of the defendant did not rest alone upon his possession of property charged to have been burglariously taken by him, but also upon facts and circumstances showing that the larceny could not have been committed without a felonious entry, a verdict of guilty cannot be said to have been contrary to the law as declared in an instruction that the mere possession of the property, without other incriminating circumstances, would not alone warrant a conviction.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

EDGAR SPARKS was convicted of burglary, and he appeals from the judgment. Affirmed.

*Mr. Homer G. Murphy* submitted a brief in behalf of Appellant, and argued the cause orally.

The mere unexplained possession of property claimed to have been stolen through a burglarious entry into a dwelling-house is not in itself sufficient to warrant a conviction of the crime of burglary. (*Territory* v. *Doyle,* 7 Mont. 250, 14 Pac. 671; *State* v. *Sullivan,* 9 Mont. 174, 22 Pac. 1088; *State* v. *Whorton,* 25 Mont. 11, 63 Pac. 627; *State* v. *Allen,* 34 Mont. 404, 411, 87 Pac. 177; *People* v. *Beaver,* 49 Cal. 57; *People* v. *Hart,* 10 Utah, 204, 37 Pac. 330; *State* v. *Jones,* 19 Nev. 365, 11 Pac. 317; *State* v. *Beeman,* 51 Wash. 557, 99 Pac. 756; *State* v. *Seymour,* 7 Idaho, 257, 61 Pac. 1033; *Blair* v. *Territory,* 15 Okl. 549, 82 Pac. 653.)

An examination of the evidence introduced by the state shows only a single circumstance tending to show appellant's guilt, to-wit, possession of one of the three rings claimed to have been stolen, and this evidence is contradicted by the testimony of appellant's witnesses to the effect that appellant could not have been present when the ring was claimed to have been pawned.

This possession, however, if any there was, can have no greater effect than to raise a mere suspicion of guilt. "Mere suspicions or probabilities, however strong, are not sufficient basis for conviction of a crime." (*State* v. *McCarthy*, 36 Mont. 226, 92 Pac. 521; *State* v. *Whorton*, 25 Mont. 11, 63 Pac. 627.)

Defendant could not be legally convicted until such proof was adduced on the part of the state as excludes every reasonable hypothesis, save that of his guilt. (*State* v. *Seymour*, 7 Idaho, 257, 61 Pac. 1033; *State* v. *Hutchings*, 30 Utah, 319, 84 Pac. 893.) Nor was it incumbent upon defendant to explain possession of the ring. (*People* v. *Hart, supra.*)

In behalf of Respondent, there was a brief by *Mr. Albert J. Galen*, Attorney General, and *Mr. E. M. Hall*, Assistant Attorney General, and oral argument by the latter.

There were sufficient incriminating circumstances connected with the recent possession by defendant of the stolen property to sustain the conviction. (*Territory* v. *Doyle*, 7 Mont. 250, 14 Pac. 671; *State* v. *Sullivan*, 9 Mont. 174, 22 Pac. 1088; *State* v. *Wells*, 33 Mont. 291, 83 Pac. 476; *Holland* v. *State*, 112 Ga. 540, 37 S. E. 887; *Anderson* v. *Commonwealth*, 18 Ky. Law Rep. 99, 35 S. W. 542; *McGee* v. *State* (Tex.), 46 S. W. 930; *People* v. *Joy* (Cal.), 66 Pac. 964; *State* v. *Norris*, 27 Wash. 453, 67 Pac. 983; *People* v. *Lang*, 142 Cal. 482, 76 Pac. 232.)

The weight of the evidence on the question of *alibi* is solely for the jury. (*People* v. *Sears*, 119 Cal. 267, 51 Pac. 325.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was charged with burglary, committed by entering a suite of rooms occupied as a residence by Charles D. Curtis and Mae L. Curtis, at No. 117½ Broadway, in the city of Helena, with the intent to commit grand larceny therein. Upon a trial he was found guilty of burglary in the second degree and sentenced to serve a term in the state prison. This appeal is from the judgment.

The integrity of the judgment is assailed upon the ground that the verdict is contrary to the evidence. From the record we gather the following facts: Charles D. Curtis and Mae L. Curtis, father and daughter, upon December 4, 1908, were occupying a suite of rooms in a flat at No. 117½ on Broadway, in the city of Helena. About 3 o'clock in the afternoon, the daughter left the rooms to make calls. The father was not at home. She locked the door leading into the suite, and hung the key near the door in the hallway, but in such a position that it could not be seen from toward the front. This was her custom when leaving the rooms. She left upon the dresser in her bedroom three gold rings, among them one set with diamonds and sapphires. On returning about 5 o'clock, she found the key in place as she had left it; but the door was open. Her father had not returned in the meantime. Later in the evening she discovered that all the rings were missing, while the furniture in the bedroom showed some evidence of having been disturbed. She at once notified the police of her loss. In the meantime, about 5:20 o'clock, a stranger entered the jewelry store of Jacob Yund, on Main street, and secured a loan of $20 upon a ring set with diamonds and sapphires, signing the name G. B. Harmon, Jr., to the contract. Inquiry instituted by the police upon information of her loss by Miss Curtis led to the discovery of the transaction at Yund's store. The ring left with him was identified by Miss Curtis and surrendered to her. On December 5th the defendant, being recognized on the street, by Yund, as the person who had obtained the loan, and pointed out to the chief of police, was arrested. Having ascertained the cause of his arrest, he denied that he had ever been in Yund's store, or that he had ever gone under the name of Harmon, or that he had ever seen or had any knowledge of the ring. He had no pawn ticket upon his person, though one had been issued by Yund at the time the loan was made; nor were the other rings found. At the trial the ring was positively identified, by Miss Curtis and her father, as was also the defendant, by Yund and a workman employed

by him. The time at which the loan was made was also definitely fixed by the latter two witnesses by the fact that it was near closing time, and the workman was watching for a car which he usually took to reach his home. The defendant did not offer himself as a witness, but undertook to show, by the testimony of several other witnesses, that during the time within which the entry into the Curtis rooms must have been effected he was at Ft. Harrison, several miles from the city, where he was temporarily stationed as an unassigned recruit to the United States army, engaged in the performance of duties assigned to him for the day, as room orderly and kitchen police.

We think the evidence was sufficient to go to the jury, and to justify the finding that the defendant is guilty as charged. If the testimony of the state's witnesses was to be credited, the defendant, about two hours after Miss Curtis left the ring in her room, had it in his possession, pledged it for a loan, signing a fictitious name, and thereafter denied all knowledge of the transaction. It has been held by this court, following the rule recognized by the courts generally, that mere possession of property recently stolen is not sufficient to convict the possessor of a larceny of it. (*Territory* v. *Doyle*, 7 Mont. 245, 14 Pac. 671; *State* v. *Sullivan*, 9 Mont. 174, 22 Pac. 1088; *State* v. *Wells*, 33 Mont. 291, 83 Pac. 476.) When, however, this fact is supplemented by other facts inconsistent with the idea that the possession is honest, such as the giving of a false or improbable explanation of it, or a failure to explain, when a larceny of the property is charged, or the possession of a forged bill of sale, or the giving of a fictitious name, or the like, a case is made sufficient to submit to the jury. (*Territory* v. *Doyle; State* v. *Sullivan; State* v. *Wells, supra.*) The rule as to the materiality of such evidence is well stated by the supreme court of Maine, in *State* v. *Bartlett*, 55 Me. 200, as follows: "If a person accused remains silent when he may speak, he does so from choice, and the choice he makes upon such occasions has always been regarded competent evidence. It is the act of the party. From time immemorial the reply or the

silence of the accused person, when charged, has been regarded as legitimate evidence on his trial for the consideration of the jury. Any act of his, when charged, tending to sustain the charge, may be proved. Fleeing from arrest, giving contradictory, untrue, or improbable accounts of the matters in issue, and refusals to account for the possession of stolen property, are evidences of guilt admitted upon the trial of the persons accused. These are proofs derived from the prisoner's acts, sayings, and silence.''

So, where the charge is burglary, if property taken from the owner is soon thereafter found in possession of the person charged with the felonious entry, proof of this fact, together with circumstances showing guilty conduct, is presumptive evidence, not only of the larceny, but also that he made use of the means by which the property was acquired. (*People* v. *Lang,* 142 Cal. 482, 76 Pac. 232; *Holland* v. *State,* 112 Ga. 540, 37 S. E. 887; *Smith* v. *State,* 62 Ga. 663; *Favro* v. *State,* 39 Tex. Cr. App. 452, 73 Am. St. Rep. 950, 46 S. W. 932; *Anderson* v. *Commonwealth,* 18 Ky. Law Rep. 99, 35 S. W. 542; *People* v. *Joy,* 135 Cal. xix, 66 Pac. 964; *State* v. *Norris,* 27 Wash. 453, 67 Pac. 983; *Walker* v. *Commonwealth,* 28 Gratt. (Va.) 969; *State* v. *Bryan,* 19 Nev. 365, 11 Pac. 317; *State* v. *Powell,* 61 Kan. 81, 58 Pac. 968; 1 Wharton's Criminal Law, 10th ed., sec. 813; 6 Cyc. 246.) Burglary is one degree removed from larceny; but, when the facts proven warrant the finding of the larceny, and the surrounding circumstances are such as to show that the larceny could not have been committed without the felonious entry, the evidence is sufficient to warrant the finding of the burglary also.

The jury evidently discredited the assumption of ignorance by the defendant as indicated by his denial, and accepted the theory of the Curtises as to the loss of the ring, and also the story of Yund and his workman as to the transaction at Yund's store. This being so, it was within their province to discredit, as they did, the evidence offered by the defendant to establish his *alibi*. The court properly instructed the jury that, in arriving at their conclusion as to the guilt or innocence of the

defendant, they should draw no adverse inference from the fact that he did not offer himself as a witness. (Revised Codes, sec. 9484.) The presumption is that this instruction was obeyed, and that the jury made their finding upon the evidence adduced. A *prima facie* case having been made out by the state, the finding thereon may not be disturbed, notwithstanding the evidence tending to establish the *alibi.*

The court instructed the jury, in substance, that the mere possession of the property by the defendant without other incriminating circumstances, would not warrant a conviction. The contention is made that the verdict is contrary to the law thus stated. The instructions, as a whole, particularly in the respect referred to, were as favorable to the defendant as he could ask. As we have pointed out, the question of his guilt or innocence did not rest alone upon his possession of the property furtively taken from the Curtis rooms. Upon the evidence the verdict might have been guilty or not guilty, in view of the other circumstances proven. It is therefore not contrary to the law.

Accordingly, the judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.

