35893.   KING *v.* LOEB.

DECIDED JANUARY 17, 1956—REHEARING DENIED FEBRUARY 3, 1956.

*John E. Feagin, A. Tate Conyers*, for plaintiff in error.
*Henry M. Hatcher, Jr.*, contra.

QUILLIAN, J. There being no motion for a new trial filed by the defendant, the only matter to be reviewed by this court is the judgment of the trial judge granting the defendant's motion for a judgment notwithstanding the verdict.

■ Ground one of the motion for a judgment notwithstanding the verdict presents the defendant's contention that the evidence submitted upon the trial of the case failed to show that the defendant was in possession of the property at the time the suit was brought. There was no necessity to introduce evidence of that fact for the reason that the defendant alleged in her answer that she was in lawful possession of a part of the property and asserted that she held title to some of the articles sued for, on account of their having become permanently attached to her real estate.

■ Ground two of the motion presents the contention that the evidence failed to show the plaintiff's interest in the property, "the property sued for," and, since he elected to take a money verdict, "there was no evidence upon which the jury could measure the extent of the plaintiff's interest in the property."

This contention is evidently based upon two theories: first, that the proof disclosed that the plaintiff claimed title and right of possession to the property by virtue of a conditional-sales contract, and that, while he testified that the debt evinced by the contract had not been satisfied and that his vendee who was the maker of the instrument had no interest in the property, he admitted that he had accepted several payments on the contract from a vendee of the maker, and hence the balance owing upon the contract was not shown; secondly, that the plaintiff was unable to identify definitely all of the articles for which suit was brought as those owned by him and covered by the conditional-sales contract.

It is true that ordinarily the holder of a conditional-sales contract who brings a trover action can, if he elects to take a money verdict, recover no more than the balance due him on the contract. *Hodges* v. *Cummings*, 115 *Ga.* 1000 (42 S. E. 394). That rule is applicable in a case brought by such holder against his vendee, the maker of the contract, and would apply with equal force whether the payments were made to the maker of the contract or to one to whom he had transferred his interest in the property. However. until the contract is fully paid the title to the property described in it remains in the holder. In the event of default in the payment of the debt represented by the contract he has a right to recover possession of all of the property. When the property is in the possession of a person other than the maker or one

holding under him, the holder of the contract is entitled to recover the full value of the property, if he elects to take a money verdict.

Where, as in this case, the holder of the contract has the right under the provisions of the conditional-sales contract in the event the maker becomes in arrears in instalment payments to take possession of the property described in the contract, and resell it, the holder of the instrument containing such power is certainly entitled to recover the property, or so much of it as he can identify, from a stranger who holds it independently of any right accruing under the contract, and, since under the explicit terms of the contract, he has a right to sell the property, there can be no doubt of his right to elect to take a money verdict for its value.

In neither event is the defendant concerned in the duty of the plaintiff to account to the maker of the intsrument or the transferee of his equity in the property for the amount of the recovery in excess of the balance due on a conditional-sales contract. That the plaintiff could not positively identify a portion of the property described in the conditional-sales contract, would supply no ground to deny him recovery of the proven value of the portion of it he did identify.

Where as in the instant case the plaintiff's proof does not support a verdict in the amount found by the jury, but authorizes a verdict for some amount in his favor, the defendant's remedy is a motion for new trial and not a motion for a judgment notwithstanding the verdict.

■ Ground three of the motion for a judgment notwithstanding the verdict is predicated upon the contention that the evidence failed to show that the plaintiff made any demand upon the defendant for the chattels sued for before the suit was instituted; that proof of such demand was necessary for the plaintiff's right of recovery and for this reason a judgment in favor of the defendant was demanded. In a trover action proof of demand being made upon the defendant to surrender the chattels which the plaintiff seeks to recover is necessary for the purpose of proving the conversion of the same by the defendant, unless that fact be established by other evidence.

The answer, while containing the averments in reference to the defendant's possession, right of possession and title and denial of the plaintiff's title and right of possession of a part of the chattels

sued for, did contain other allegations expressly disclaiming the defendant's title or right of possession of the same articles.

The elementary rule that pleadings must be construed most strongly against the pleader (*City of Moultrie* v. *Schofield's Sons Co.*, 6 *Ga. App.* 464, 65 S. E. 315) is applicable in construing the answer which contained both affirmative assertion and positive denial of facts essential to the proof of the plaintiff's cause. Under the rule above referred to the affirmative allegations were proof of the facts they set forth, despite the denials of the same facts also contained in the answer.

Proof of demand or the introduction of other evidence that the defendant converted some of the chattels to her own use was unnecessary in this case because her answer alleged that she was in possession of such chattels at the time the suit was instituted, and denied the plaintiff's title to the property and his right to possession of the same. *Securities Trust Co.* v. *Marshall*, 30 *Ga. App.* 379 (118 S. E. 478); *Wilcox* v. *Citizens Banking Co.*, 31 *Ga. App.* 202 (120 S. E. 433); *Smith* v. *Commercial Credit Co.*, 28 *Ga. App.* 403 (1) (111 S. E. 821). As pointed out in division two of this opinion a motion for a judgment notwithstanding the verdict was not the appropriate remedy of the defendant if under the evidence submitted upon the trial of the case the plaintiff was entitled to recover any of the articles sued for.

■ Ground four of the motion asserted that the plaintiff held "only" a conditional-sales contract "on the property" and failed to show that he was entitled to possession of the property when the suit was brought.

The ground assigns no reason why and in what particular the evidence failed to show that the plaintiff was entitled to possession of the property. As held in discussing ground two, the evidence clearly established the right of the plaintiff to recover part of the property or its proven value. The ground did not show any reason to grant the motion.

■ Ground five of the motion insisted that the evidence showed the defendant to be an involuntary bailee of the property; that others held an interest in the property and for this reason she could not safely surrender it to the plaintiff. The plaintiff was shown to be the holder of the bill of sale, and that it was overdue, had not been paid, and the plaintiff was under the provisions of

that instrument entitled to the possession of the property. The ground considered together with the evidence introduced upon the trial of the case fails to show any right of the defendant to withhold from the plaintiff possession of the property.

■ Ground six of the motion avers that a verdict for the defendant was demanded, because the certain items of the property sued for were attached to the defendant's building in such a manner that they became a part of the realty. The effect of the ground is to assert that the plaintiff by permitting the articles to be installed in the described manner parted with his right of ownership, and title to the articles vested in the defendant.

Paragraph 11 of the defendant's answer contains unequivocal disclaimer of title to the property sued for in the following language: "The defendant disclaims any title to any of the equipment listed in Exhibit A of the petition."

Moreover, after a careful consideration of the evidence, it clearly appears that at least one, if not more of the articles referred to in ground six were not permanently attached to the building, or that they could not be removed without damage to the same. It is equally apparent from the testimony of the plaintiff that the articles mentioned in the ground were not the only items identified by him as among those described in the conditional-sales contract.

■ The principle of law announced in the second headnote requires no elaboration.

■ The trial judge erred in sustaining the motion for a judgment notwithstanding the verdict for the reasons given in the opinion.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*