### 43853.  DYE et al. v. TURNER CONCRETE, INC.

JORDAN, Presiding Judge.  Turner Concrete, Inc., filed a suit on July 26, 1967, in Elbert Superior Court against L. B. Berryman, the contractor, and Mrs. Herbert J. Dye and Steven Cecil Dye, as owners, to foreclose a materialman's lien against the property owned jointly by the defendants Dye.

On October 2, 1967, and prior to the trial of the case on March 5, 1968, the plaintiff took a default judgment against Berryman the contractor.  The defendants Dye filed demurrers to the petition which were overruled by the court and upon trial of the case the jury returned a judgment for Turner Concrete, Inc., in the amount of $602.17.  The defendants filed a timely motion for judgment notwithstanding the verdict which was denied.  The appellants assign error on the order of the trial court dated November 21, 1967, overruling their demurrers and the order dated May 20, 1968, overruling their motion for judgment n.o.v.  *Held:*

1. The motion to dismiss is denied for the reasons stated in *Ewing v. Whitehead,* 119 Ga. App. 72.

2. The court did not err in overruling the demurrers to the petition.  Since the ruling thereon was after the effective date of the Civil Practice Act the demurrers had no greater status than a motion to dismiss for failure to state a claim under the new practice.  While this petition is brought under the lien foreclosure statutes, it amply meets the notice requirements of the new practice.  See *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862); and *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 551 (163 SE2d 885).  The Civil Practice Act applies "to all special statutory proceedings except to the extent that specific rules or practice and procedure in conflict herewith are expressly prescribed by law.  . ."  Ga. L. 1968, pp. 1104, 1109 (*Code Ann.* § 81A-181); *Southeastern Fid. Fire Ins. Co. v. State Farm Mut. Auto Ins. Co.,* 118 Ga. App. 861.

3. The evidence shows that the contractor Berryman had several accounts with the plaintiff on various jobs and that the balance due plaintiff on the Dye job was $602.17.  Berryman gave plaintiff a check for $400 of which $203.62 was credited to the Dye job, the balance applied to payments for concrete block owed on another job.  This $400 check failed

to clear the bank on which drawn and Berryman directed his wife to pick up the check and make it good. Some four weeks later Mrs. Berryman drew a check on her account in another bank for $400 and took it to plaintiff and picked up the first check. Mrs. Berryman's check was applied by the plaintiff to other accounts owed by Berryman, the evidence conflicting as to whether she directed that it be applied to the Dye job. Plaintiff's treasurer testified that it was their procedure to apply payments to the oldest account unless specifically directed otherwise.

Appellant in the trial court and here relies solely on the case of *Williams v. Willingham-Tift Lumber Co.*, 5 Ga. App. 533 (63 SE 584) to support his motion for judgment n.o.v. In that case the court stated, "When a materialman is furnishing at the same time material to one contractor for the improvement of property belonging to different persons, and has full knowledge of the separate contracts, and money is paid to the materialman by the contractor from time to time on account of the material so furnished, it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property, and must look alone to the contractor." This holding, however, was limited to the evidence in that case which showed without dispute that the contractor paid to the materialman *from the money he got from the owner a sufficient amount to pay in full for all* the material he bought from the materialman that went into the owner's building, and that the materialman "had appropriated the money so paid" to a general account against the contractor. Lacking here is the vital evidence that money paid by the *owners* to the contractor was misappropriated by the materialman to the account owed on another job. To the contrary the evidence shows that the $400 check given by Mrs. Berryman came from her own private funds and was not money that had been paid by the defendants to her husband contractor.

Under the facts of this case, the rule set forth in the *Willingham-Tift* case is not applicable. Assuming arguendo that the rule

is applicable to the $400 payment, the evidence still shows a balance due on the account owed the plaintiff and where the proof authorizes a verdict in some amount in plaintiff's favor the defendants' remedy is a motion for new trial and not a motion for judgment notwithstanding the verdict. *King v. Loeb,* 93 Ga. App. 301 (1) (91 SE2d 532).

The verdict for the plaintiff was authorized by the evidence. The trial court did not err in overruling the defendants' motion for judgment n.o.v.

*Judgment affirmed. Felton, C. J., Bell, P. J., Hall, and Whitman, JJ., concur. Eberhardt, Pannell, Deen, and Quillian, JJ., dissent from the ruling in Division 1.*

ARGUED SEPTEMBER 9, 1968—DECIDED JANUARY 21, 1969.

*Walton Hardin,* for appellants.

*Grant & Matthews, William F. Grant, John C. Walden, Carlton G. Matthews,* for appellee.

PANNELL, Judge, dissenting. The enumeration of errors in this case was filed July 2, 1968. The case was docketed in this court on June 21, 1968, and due notice of that fact given. Under the rules of this court, appellant has ten days to file an enumeration of errors. Due date for filing was July 1, 1968. There is an affidavit by a lady which designates her as secretary for appellant's attorney and which states that on the 29th day of June, 1968, at 11:30 a.m., she deposited in the mail three copies of the enumeration of errors, three copies of the brief and a check for costs, that the envelope was properly addressed, etc., and with proper postage, and that the post office employee assured her it would be sent in the next mail. It states further "that under normal and usual conditions, the said papers would have been delivered to the clerk's office on the 1st day of July, 1968. It appears from the record that it was received in this office on July 2, 1968. Motion to dismiss the appeal was filed by appellee. It stated that "counsel for appellee did not receive the copies until July 6, 1968, which caused a hardship upon counsel for the appellee in meeting their own deadline for filing their brief."

In my opinion, the late filing of the enumerations of error, no providential cause being shown, is ground for dismissal. I, therefore, dissent from this case on the same grounds stated in my dissent in *Ewing v. Whitehead*, 119 Ga. App. 72. The appeal here should, on motion, be dismissed.

I am authorized to state that Judges Eberhardt, Deen, and Quillian concur in this dissent.

DEEN, Judge, dissenting. I concur in the dissent of Judge Pannell filed in this case and I dissent for the additional reasons outlined in my separate dissent in *Ewing v. Whitehead*, 119 Ga. App. 72, supra.