## 43835. EWING v. WHITEHEAD.

JORDAN, Presiding Judge. 1. The appeal, as disclosed by the notice of appeal, is from the judgment on the verdict and not from the order overruling the motion for new trial, as amended, and there is no enumeration of error directed to this order. This order is therefore controlling as the law of the case with respect to issues included in the motion, as amended, thus eliminating from further consideration the first four enumerations, all of which purport to renew issues included in the general or special grounds of the motion. *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281).

2. Error is assigned in the fifth enumeration on the failure "to instruct the jury how to arrive at the amount of damages." The record and transcript disclose no specific request for any such instructions, and the court did make it clear to the jury that one of the issues to be determined under the evidence was whether the plaintiff was entitled to $7,072.20 as due under a contract, and the verdict is for this amount. After completing his instructions and before the verdict the court specifically asked counsel if there were any objections or exceptions and received a negative reply. Unless substantial error appears in the charge which is harmful as a matter of law, it is incumbent upon the complaining party to preserve an issue on "the giving or the failing to give an instruction" by an objection "before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Section 17 of the Appellate Practice Act, as amended (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078; *Code Ann.* § 70-207); *Southwire*

*Co. v. Franklin Aluminum Co.*, 114 Ga. App. 337, 338 (151 SE2d 493). The fifth enumeration is without merit.

3. The facts of this case make it clear that it should not be dismissed for failure to comply with Rule 13 of this court. The last sentence of Rule 13 is as follows: "Failure so to file it *may* be deemed as a failure to perfect the appeal or the cross appeal, as the case may be." (Emphasis supplied.) In my opinion this rule leaves it clearly to the discretion of this court as to whether or not a late filing is to be allowed so as to perfect the appeal. It appearing in this case that the enumeration of errors and brief were mailed to a correct address of this court with postage affixed thereon sufficient to insure delivery within the time required for filing in the ordinary course of the mail, and that the late filing was not therefore occasioned by the appellant or his counsel, this court in its discretion should not dismiss this appeal. Rule 15 (b) as it relates to providential cause applies only to the failure to file a *brief,* and Rule 13 pertaining to enumeration of errors clearly allows this court a discretion by the use of the word "may" in lieu of the "providential cause" language used in Rule 15 (b).

Any other application of Rule 13 will simply require appellant's counsel to manually deliver the enumeration of errors and brief to this court, requiring for some attorneys two days travel and an overnight stay in Atlanta. Such a harsh inconvenience should not be saddled upon the Bar of this State. Attorneys who mail communications properly addressed to this court with correct postage thereon in time for delivery in the normal course of the mail should not be penalized for delivery to the wrong address or late delivery occasioned by an inefficient postal employee.

*Judgment affirmed. Felton, C. J., Bell, P. J., Hall and Whitman, JJ., concur. Eberhardt, Pannell, Deen and Quillian, JJ., dissent from the ruling in Division 3.*

ARGUED SEPTEMBER 9, 1968—DECIDED JANUARY 21, 1969.

*H. Rhodes Jordan, Stark & Stark,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Larry S. Bryant, Reid Merritt,* for appellee.

PANNELL, Judge, dissenting. I dissent on the ground that in my opinion we have no jurisdiction of the case and the appeal should be dismissed. While the opinion as written affirms the judgment, and there may not be too material a difference in this particular case between an affirmance and a dismissal, it is the duty of this court to inquire into its jurisdiction, and merely because no motion to dismiss has been made is no cause to ignore the question. *Gibson v. Hodges*, 221 Ga. 779 (1) (147 SE2d 329).

The enumeration of errors (according to affidavits filed with the clerk of this court) was mailed Saturday, June 22, 1968, and in due course of the mails should have been received by the clerk of this court on Monday, June 24, the last day within which the enumeration of errors could have been filed. The envelope containing the enumeration of errors was addressed to Mr. Morgan Thomas, Clerk, Court of Appeals, 4th Floor, Judicial Building, the address given in the Georgia Official Directory of State and County Officers, rather than the address given on the notice of the docketing of the case sent to counsel by the clerk of this court. The delay was caused by a misdelivery to the Fulton County Judicial Building, a short distance from the State Judicial Building, and it was finally delivered to the clerk of this court on the 28th day of June, 1968. The appellee, in writing, stated it would waive the late filing of the enumeration of errors.

The late filing of an enumeration of errors is ground for dismissal in the absence of a showing of providential cause. *Windsor v. Southeastern Adjusters, Inc.*, 221 Ga. 329 (2) (144 SE2d 739); *Close v. Walker Land Corp.*, 221 Ga. 329 (2) (145 SE2d 245); *Davenport v. Hall*, 221 Ga. 543 (145 SE2d 558); *Yost v. Gunby*, 221 Ga. 552 (145 SE2d 575); *Undercofler v. McLennan*, 221 Ga. 613 (146 SE2d 635); *Cade v. Burson*, 221 Ga. 715 (146 SE2d 761); *Napier v. Napier*, 222 Ga. 681 (151 SE2d 712); *American Fidelity & Cas. Co. v. Weathers Bros. Transfer Co.*, 223 Ga. 313 (154 SE2d 592); *Davis v. Blum's, Inc.*, 223 Ga. 790 (3) (158 SE2d 410); *Lingo v. State*, 224 Ga. 333 (162 SE2d 1); *Ryder v. Schreeder*, 224 Ga. 382 (162 SE2d 375); *Gravitt v. Wilkins*, 115 Ga. App. 551 (155 SE2d 461); *Davis*

*v. State,* 115 Ga. App. 714 (155 SE2d 693); *Kurtz v. State,* 115 Ga. App. 665 (2) (155 SE2d 735); *Hutchinson v. Ga. Power Co.,* 115 Ga. App. 666 (155 SE2d 643); *Brackin v. State,* 116 Ga. App. 77 (156 SE2d 382); *Rentfrow v. State,* 116 Ga. App. 545 (158 SE2d 684); *Hopkins v. State,* 116 Ga. App. 548 (158 SE2d 320); *Gardner v. State,* 117 Ga. App. 262 (160 SE2d 271); *Williams v. Holyoak,* 118 Ga. App. 288 (163 SE2d 259). And being a ground of dismissal, it can not be waived by the opposing party. *Farr v. State,* 112 Ga. 540 (37 SE 880).

As was stated by this court in *Hayes v. Strickland,* 112 Ga. App. 567 (4) (145 SE2d 728): "Under the new Appellate Practice Act the enumeration of errors must be filed in the office of the Clerk of the Court of Appeals by the appellant in a cross appeal at the time the briefs are filed, which must be within 15 days after the cross appeal is docketed in the clerk's office. *No extension of time for filing the enumeration of errors can be granted except for providential cause occurring prior to the expiration of the time for filing these documents."* (Emphasis supplied.) There has been no request for the extension of time for filing the enumeration of errors, nor has there been any showing of providential cause.

Ordinary delay of the mails does not constitute providential cause (*Long v. Bank of Minden,* 126 Ga. 679 (3) (55 SE 915); *Griffith v. Mitchell,* 117 Ga. 476 (4) (43 SE 742)), unless the delay itself was providentially caused. *Shackelford v. Hays,* 3 Ga. 415. See also *Osborn v. Hale,* 70 Ga. 731; *Farr v. State,* 112 Ga. 540, supra; *Irwin v. Atlanta, K. & N. R. Co.,* 113 Ga. 185 (38 SE 407). Section 14 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 29) provided: "The appellant and the cross appellant shall file as a part of their brief in the appellate court, at such time as may be prescribed by its rules, an enumeration of the errors relied upon. . ." By an amendment (Ga. L. 1965, pp. 240, 243) this particular part of Section 14 was changed to read: "The appellant and cross appellant shall, at the time the brief is filed in the Supreme Court or the Court of Appeals, as the case may be, *file with the Clerk of the Appellate Court* an enumeration of errors relied upon. . ." (*Code Ann.* § 6-810). Where counsel or the party chooses the mails as a

method of delivery and the postal service acts as the agent of the appellant, if the delay be the fault of the postal service, the delay is the fault of the appellant and does not prevent a dismissal. See *Farr v. State*, 112 Ga. 540, supra. Until and unless these cases decided by the Supreme Court of this State have been overruled, both this court and I are bound by them. It is not our privilege to ignore them merely because we have no desire to apply them to this case and cases like it.

I am authorized to state that Judges Eberhardt, Deen, and Quillian concur in this dissent.

DEEN, Judge, dissenting. The Supreme Court of Georgia has repeatedly held that "in the absence of providential cause, the appellant failed to perfect his appeal by not filing his enumeration of errors within 10 days and that the case must be dismissed." The latest expression on this point is in the decision in *Hart v. Radney*, 224 Ga. 686 (164 SE2d 128).

Judge Whitman, in the recent case of *Gardner v. State*, 117 Ga. App. 262, 264 (160 SE2d 271), stated "providential cause includes such acts only as may be attributed to an act of God." In *Evans & Pennington v. Nail*, 7 Ga. App. 129, 136 (66 SE 543), Judge Russell observed: "No injurious act can be attributed to God if it is plain that the result could have been avoided by ordinary diligence on the part of man."

"Such cases can be saved from dismissal only when plaintiff in error is prevented by providential cause from complying with the terms of the order requiring the briefs to be filed." *Long v. Bank of Minden*, 126 Ga. 679 (2) (55 SE 915). See also *Farr v. State*, 112 Ga. 540, supra: "When a case, because of the failure of counsel for the plaintiff in error to appear, either in person, or by brief, and prosecute the same, is dismissed, it will *not, even by consent,* be re-instated upon a showing that such counsel mailed his briefs in time to reach the court before the case was called for a hearing. On the contrary, it must be held that such counsel took the risk of delays in the mail. See 24th Rule of Supreme Court, Civil Code, § 5621; *Osborn v. Hale*, 70 Ga. 731." See also *Griffith v. Mitchell*, 117 Ga. 476, 479 (43 SE 742): "When counsel for plaintiff in error selected the United States mail as their agency to transmit their briefs to

the clerk of this court, the United States postal employees became their messengers, and counsel took all the risks that were usually incident to the business in which these messengers were thus engaged. If counsel had employed a private individual to bring their briefs to the city of Atlanta and deliver them to another private individual at the United States post office, who was to convey them from there to the capitol, it would not be pretended for one moment that counsel had complied with their duty, so far as the Constitution and rule of court are concerned, in regard to filing their briefs, when they made it appear that their first messenger had, before the case was called in this court, delivered the briefs to him who was to be the second messenger, and that the failure to have the briefs with the clerk in time was due to the omission of the latter messenger. The different postal employees who handled this package between Savannah and the capitol building in Atlanta were, so far as this court is concerned, *the mere private employees of counsel*, and they took the risk of these employees delivering the package to the clerk before the case was called. The delay was in no sense attributable to providential cause."

This writer would like to amend Rule 13A of the Rules of the Court of Appeals so that in addition to providential cause, other like causes wholly beyond the power of appellant or his counsel to avoid or foresee would be grounds for filing an enumeration of errors beyond the time period required; however, the continuous and constant decisions of the Supreme Court, in my opinion, absolutely prohibit this court from extending our rule beyond the Supreme Court rule which clearly states, "absent providential cause the enumeration of errors must be filed within 10 days." I do not see how we can get around this mandate. I find no case wherein the cause is labeled less than providential cause which will allow late filing after the time period other than an application for an extension of time filed within the 10-day period.

I concur in the dissent filed by Judge Pannell in this case, and I dissent for the additional reasons outlined in the above dissent.

I am authorized to state that Judge Eberhardt concurs in this dissent.