## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT GAINESVILLE,

## SEPTEMBER TERM, 1847.

---

No. 57.—JOHN SHACKELFORD, plaintiff in error *vs.* JAMES E. HAYS, defendant in error.

| 3 | 415 |
| e117 | 477 |
| e117 | 478 |

[1.] The miscarriage of the mail, in the transmission of papers to the clerk, is no ground for continuing a case, unless shown to be from Providential cause.

Error to Jackson Superior Court.

Motion to enter this case upon the docket of the Supreme Court, at the Gainesville September Term, 1847.

The writ of error was made returnable to the March Term, at Cassville, 1847, being the first term in that judicial district after the signing of the bill of exceptions, and the proper term to which the writ was returnable, under the constitution and the law creating and organizing the Supreme Court.

The papers were mailed at Jefferson, Jackson county, and addressed to the Clerk at Milledgeville, in time to have been received by him, and docketed for Cassville. They were not received by the clerk until after the adjournment of the Court to which the writ was made returnable, owing to some casualty, the nature of which did not appear.

OVERBY, PEEPLES & COBB, for the plaintiff in error.

MITCHELL, for the defendant in error.

Shackelford *vs.* Hays.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The writ of error in this case, was made returnable to the Supreme Court at its March Term, 1847, at Cassville, that being the *first* term in that judicial district after the signing of the bill of exceptions. The papers appertaining to the cause were mailed at Jefferson, Jackson county, and addressed to the Clerk of this Court at Milledgeville, in time to have been received and docketed for Cassville. By some casualty, the nature of which does not appear, the packet did not come to hand until after the adjournment of that Court, and application is now made to place the case on the present docket, so as to entitle the party to a hearing.

The Court is unanimously of the opinion, that this cannot be done. The constitution declares that the Supreme Court "shall at each session in each district dispose of and finally determine each and every case on the docket of such Court, *at the first term after such writ of error brought;* and in case the plaintiff in error in any such case shall not be prepared, at such first term of such Court, after error brought, to prosecute the same, *unless precluded by some Providential cause* from such prosecution, it shall be stricken from the docket, and the judgment below shall stand affirmed." 1 *Kelly R. 5.*

As the case then would have been stricken from the docket had it been entered at Cassville, unless the inability to proceed was Providential, it is clear that the party must be visited with the like penalty, unless he is prepared to prove that the failure in the mail was attributable to superhuman cause. Indeed, it is a matter of grave doubt whether this showing can be made at the *second* session of the Court after the writ of error has been sued out.

The cardinal feature in the amended constitution calling this Court into existence, is *the prevention of delay,* and every section of that statute passed in pursuance thereof, is but a practical illustration of the great, though long and much neglected principle of *Magna Charta*—" *Nulli vendemus, nulli negabimus, aut differemus rectum vel justitiam."*