The Louisville and Nashville Railroad Company *v.* Chaffin, administrator.*

Bleckley, C. J.—1. Temporary administrator is, for the time being, the "personal representative" of the intestate for the purpose of collecting assets, and so continues until permanent letters are granted.   He can maintain an action for homicide of his intestate, the right to which is conferred by statute upon the "personal representative," under code of Alabama, §2591.

2. Irrespective of the question whether jurisdiction to grant administration can be examined collaterally, it is irrelevant to enquire as to assets left by the deceased where the jurisdictional fact recited in the letters is not *bona notabilia*, but residence in the county.

3. According to the decision of the Supreme Court of Alabama, in C. & W. R. Co. *v.* Bridges, 86 Ala. 448, the damages under §§2590-2 of the Alabama code, to be recovered against a railroad company for the homicide of an employé, are generally not punitive, but compensatory.

4. Negligence of the railway company in allowing the surface of the track to be uneven so as to endanger walking thereon by employés in the discharge of their duties being in question, the opinion of a

*In this case and the cases following it decided at this term, no further opinion than the head-notes was filed.

witness as to the comparison of this track with those of others in the State, generally, is not admissible.

5. Though no preamble or caption to the answers of a witness to interrogatories is necessary, yet if there be one reciting that the answers were taken by consent of parties, the taking of the answers cannot be referred to a commission. The commission is to be considered as unexecuted by the express return of the commissioners.

6. A commission issued from one court will not warrant the taking of testimony to be used in another, but a misrecital by the commissioners in their return of the court from which the commission issued, the commission itself showing the mistake, will not vitiate.

7. Where the clerk of the superior court is *ex officio* clerk of the city court, interrogatories duly received by the latter court ought not to be suppressed because addressed or directed to the clerk of the superior court.

8. That a deputy-clerk, instead of the clerk himself, received interrogatories from the postmaster, is no cause for suppressing them.

October 11, 1889.                                    *Judgment reversed.*

Administrators. Actions. Jurisdiction. Damages. Railroads. Master and servant. Negligence. Evidence. Interrogatories. Officers. Before Judge VAN EPPS. City court of Atlanta. March term, 1889.

The plaintiff, as temporary administrator of Chaffin, brought suit for damages against the railroad company, making the following allegations : By the laws of Alabama, the personal representative can sue for the death of his decedent caused by a tort, and a railroad company is liable for the negligence of an employé causing damage to a co-employé. Chaffin was an employé of defendant and was at work for it as a brakeman in Decatur, Ala., on November 26, 1887. In pursuance of his duty as such, he went between two cars to make a coupling or to cut loose said cars. While between them he was run over and killed. He was without fault, and his death resulted from the negligence of the defendant's employés and agents. The condition of the track at the place where deceased went between said cars was unsafe and dangerous ; it had been scooped out between the cross-ties, and was not level as such track should

have been in a switch-yard or at a place where he was required to do the work which he was doing. The switch and the rails of the switch were in an improper condition and so constructed that they caught his foot, holding him so that he could not get loose. His foot passed down between the cross-ties which had been left separate from each other without proper filling between them. The engine and cars were negligently and carelessly pushed back over him by the engineer; proper care was not taken by the conductor and other employés of the defendant to prevent his being killed. By amendment was set forth an alleged copy of the law of Alabama giving the right to a personal representative to sue, and fixing the liability of a master in case of an accident to a servant.

On the trial, the plaintiff put in evidence a certified copy of his temporary letters of administration granted by the ordinary of Fulton county, Georgia, upon the estate of Chaffin, reciting that Chaffin, late of said county, had died intestate, leaving considerable property within said State, etc. Also sections 2589, 2590 and 2591 of the code of Alabama. Both parties introduced testimony as to the circumstances of the homicide, etc. The jury found for the plaintiff $5,000, and the defendant moved for a new trial on the following among other grounds :

(1) Error in refusing to dismiss the action on the grounds that a temporary administrator was not authorized to maintain such a suit, and that the temporary letters of administration did not constitute the plaintiff such a personal representative of the deceased as was within the terms of the Alabama laws. And error in charging : "If this plaintiff is shown to have been appointed by the ordinary of this county as temporary administrator of the deceased, plaintiff as such temporary administrator would have the right to maintain

an action for an injury resulting in the death of his intestate."

(2) Error in excluding a question by defendant's counsel to plaintiff, inquiring what property the intestate left here. The court held that the judgment of the ordinary granting temporary letters could not be collaterally attacked, but that even if it could, the testimony sought was immaterial. Defendant contended that no order of the court of ordinary appointing plaintiff temporary administrator had been introduced in evidence; that the fact that he held a certified copy of temporary letters issued to him did not prevent defendant from showing that there were no assets in the county of Fulton or State of Georgia to authorize an administration; that a personal representative, to come within the Alabama statute, if appointed in another State, must base his authority upon showing to the court of ordinary making the appointment the presence of property there; and that such an appointment could not be made by a Georgia ordinary simply for the purpose of bringing such a suit as this.

(3) Error in charging: " The statute of Alabama declares that a personal representative, in a proper case, may recover such damages as the jury may assess; the sum recovered becomes a part of the estate itself, and subject to distribution just as any other property forming a part of his estate, with certain exceptions not necessary here to mention. Under this statute, the amount of damages you may assess is peculiarly within your discretion. The damages allowed by the statute are not awarded as compensation, but are punitive in their nature, and are not confined to pecuniary loss sustained by the family of the deceased by reason of his death."

(4) Error in excluding the following question of defendant's counsel to a witness : " How did the condition of the Decatur yard at the point of injury, as to filling

in at the end of the ties, compare with the yards of other well-conducted railroads in the State of Alabama ?"

(5) The plaintiff sued out a set of interrogatories, to which a commission was attached, directed to two named persons. These commissioners executed the interrogatories; the answers first stating the case and then reciting that the commissioners had caused the witness named to come before them " by virtue of an agreement " between the parties. No such agreement had been made. The envelope containing the interrogatories and answers was addressed to the clerk of the superior court, and bore the usual receipt to the postmaster, signed by J. S. Holliday, deputy-clerk. Holliday was deputy-clerk of the superior court, having charge of the business of the clerk's office which related to the city court. The defendant excepted to the execution and return of these interrogatories, because they purported to be by virtue of an agreement between the parties when no such agreement had been entered into, and because they were returned to the clerk of the superior court but receipted for by the clerk of the city court (where the case was pending) and opened upon order of the city court without notice to defendant. These exceptions, as well as a motion to suppress the interrogatories, were overruled ; and this was assigned as error.

(6) To the interrogatories of another witness for the plaintiff was attached a commission regularly issued from the city court of Atlanta. The answers were headed : " State of Alabama, county of Morgan. In the city court of Atlanta. By virtue of a commission from the honorable superior court of Fulton county to us directed, attached, we have caused," etc. The defendant excepted to the execution and return of these interrogatories, because they purported to have been executed by virtue of a commission from the superior court

of Fulton county, when the case was not pending there and the commission was not issued therefrom. These exceptions, and a motion to suppress the interrogatories, were overruled; and error was assigned.

(7) To the return of another set of interrogatories, for the plaintiff the defendant objected, for the same reasons as above stated, and because the return was made to the clerk of the superior court and the package receipted for to the postmaster by the deputy-clerk of the city court, and opened by order of that court.

The motion was overruled, and defendant excepted.

JACKSON & JACKSON, for plaintiff in error.

HOKE & BURTON SMITH, contra.