## PRESLEY v. JONES & OGLESBY.

Where there was endorsed on the bill of exceptions an entry signed by
counsel for the plaintiff in error, stating: "I hereby certify that I have
served J. M. Moon, attorney for defendant in error, with a copy of the
bill of exceptions and certificate of court, by mailing him a copy of
the same at Cartersville, Georgia, on the 29th day of November, 1912,"
and no other service, or acknowledgment or waiver of service, appears,
the writ of error will be dismissed on motion.

APRIL 18, 1913.

From Gordon superior court.    Motion to dismiss.

*J. M. Lang,* for plaintiff in error.    *J. M. Moon,* contra.

LUMPKIN, J.    Where a litigant has obtained a judgment in the
trial court, and it is sought to reverse such judgment, the statute
requires service on the opposite party or his attorney to be made
in the manner therein pointed out.    Civil Code, § 6160.    It is
important that the adverse party or his counsel should be served,
so that they may know of the exception taken to the judgment
and the effort to reverse it.    If service of bills of exceptions gen-
erally were permitted to be made by mailing a copy to counsel,
it would doubtless frequently happen that cases would be heard in
this court without any knowledge on the part of the litigant or
counsel interested in sustaining the judgment.    The legislature
have not thought it desirable to risk to the uncertainties of the
mail the serving of bills of exception upon parties in this State;
nor is there any provision for traversing such an entry and the
hearing of evidence by this court as to whether a paper so mailed
was received.    In only one case have they provided that mailing a
notice shall be sufficient service of a bill of exceptions to authorize
this court to take jurisdiction.    Such a provision is made in case
of a non-resident of the State, who is not represented by counsel
so that he may be served with a copy of the bill of exceptions.
Civil Code, § 6161.    In that event, the clerk, upon request of
counsel suing out the bill of exceptions (not the attorney himself),
is required to give notice to the non-resident defendant by mailing
a letter addressed to him at his post-office.    This was not allowed
as being the most desirable method of service, but as matter of
necessity, where it could not otherwise be perfected; and it is
declared that the judgment made shall bind the defendant so far
as his assets in this State are concerned. · No such necessity existed
in the case under consideration, and the service was not made in

the manner which the statute requires. *Albritton* v. *Tygart,* ante, 231 (77 S. E. 28).

> *Writ of error dismissed. All the Justicces concur.*