### 13477.   JONES *v.* EDISON OIL COMPANY.

Valid service of the bill of exceptions was not shown by the entry thereon of service by mailing a copy to the attorney for the defendant in error, made by the attorney for the plaintiff in error.

> DECIDED OCTOBER 3, 1922.

Complaint; from Lee superior court — Judge Littlejohn. July 23, 1921.

135

*R. R. Forrester,* for plaintiff in error.　*A. L. Miller,* contra.

BLOODWORTH, J.　Section 6160 of the Civil Code of 1910 is as follows: "Within ten days after the bill of exceptions is signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the Supreme Court who are thus served."　Accordingly, where there was indorsed on the bill of exceptions an entry signed by counsel for plaintiff in error as follows: "Georgia, Lee County. Personally before me, an officer authorized by law to administer oaths, comes Robert R. Forrester, who on oath says: that he is the attorney of record for plaintiff in error; that he served counsel for the defendant in error with the within bill of exceptions on the 20th day of August, 1921, by mailing to said counsel, A. L. Miller, a copy thereof, duly addressed to said A. L. Miller at Edison, Ga., in an envelope duly and properly stamped with deponent's name and address in the left-hand corner of said envelope; that Edison, Ga., is the proper address of said A. L. Miller, and that said letter containing said bill of exceptions has never been returned to deponent; that said letter containing said bill of exceptions was duly deposited in the United States mail on the 18th day of August, 1921, and has never been returned to deponent;" and no other service, acknowledgment of service, or waiver of service, appears, the bill of exceptions will be dismissed.　*Albritton* v. *Tygart,* 139 *Ga.* 231 (72 S. E. 28) ; *Presley* v. *Jones,* 139 *Ga.* 814 (78 S. E. 126) ; *Ray* v. *Hardman,* 146 *Ga.* 718 (92 S. E. 211).

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*