25366. BROOKS, administratrix, *et al., v.* SESSOMS.

STEPHENS, J. 1. The "personal representative" of a deceased employee of a railroad company, who is authorized, as provided in the Code of 1933, § 66-401, to recover of the railroad company damages for the employee's homicide resulting from the negligence of the company, may be a temporary administrator. §§ 113-1207, 113-1221; *Louisville & Nashville R. Co.* v. *Chaffin,* 84 Ga. 519 (11 S. E. 891); *Cooper* v. *Cooper,* 30 *Ga. App.* 710 (119 S. E. 335). The petition as amended, in a suit by the temporary administrator of a deceased employee of a railroad company to recover of the company, in behalf of the surviving parents of the employee, damages for the employee's homicide caused by the alleged negligence of the railroad company, where the employee was unmarried and had no children, was not subject to demurrer on the ground that the plaintiff had no authority to bring the suit. The petition as amended otherwise set out a cause of action, and the court erred in sustaining the general demurrer thereto.

2. Since, as above indicated, a cause of action in the plaintiff was set out, it was not harmful, assuming that it was error, to sustain a general demurrer to a second count of the petition, afterwards offered by amendment, in which one of the parents (the mother) of the deceased employee is named a party plaintiff, and seeks to recover for the employee's homicide upon the grounds contained in the original petition.

454

3. The court erred in sustaining the general demurrer to the original petition as amended, but did not err in sustaining the demurrer to count 2, which was added by amendment.

*Judgment reversed in part and affirmed in part. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 9, 1936.

*J. H. Williams, Sapp & Barnes, Downing Musgrove,* for plaintiffs.

*Parks, Garrett & McDonald, R. G. Dickerson,* for defendant.