BENTON RAPID EXPRESS INC. *et al. v.* JOHNSON *et al.*

No. 15894. JULY 11, 1947. REHEARING DENIED JULY 22, 1947.

*Martin, Martin & Snow,* for plaintiffs in error.
*J. B. Jackson, Carlton Mobley,* and *E. W. Maynard,* contra.

CANDLER, Justice. The Constitution of 1945, article 6, section 14, paragraph 6 (Code, Ann. Supp., § 2-4906), requires all civil cases, with certain exceptions, to be brought and tried in the county

of the defendant's residence. This provision of the Constitution applies to corporations as well as to natural persons. *Central Bank of Ga.* v. *Gibson,* 11 *Ga.* 453; *Southwestern R. Co.* v. *Paulk,* 24 *Ga.* 356; *Atlanta K. & N. Ry. Co.* v. *Wilson,* 116 *Ga.* 192 (42 S. E. 356). One of the exceptions to the general constitutional provision that all civil cases must be brought and tried in the county of the defendant's residence is article 6, section 14, paragraph 4 (Code, Ann. Supp., § 2-4904), which provides: "Suits against joint obligors, joint promissors, copartners, or joint trespassers, residing in different counties, may be tried in either county." The Code, § 3-206, provides: "A person not a citizen of this State, passing through or sojourning temporarily in the State, may be sued in any county thereof in which he may be at the time when sued." Such temporary presence of a nonresident tort-feasor in this State is not such residence within the meaning of our Constitution as will authorize joining, in a suit against him in the county where he is found and served, other joint tort-feasors who reside in a different county or counties of this State.

Accordingly, as an answer to the question propounded, we hold that venue must be laid in a county of this State, wherein one of the resident joint tort-feasors resides.

*All the Justices concur.*