BODENHEIMER *et al. v.* FULTON NATIONAL BANK OF ATLANTA *et al.,* trustees, *et al.*

DUCKWORTH, Chief Justice. 1. Within 10 days after a bill of exceptions is signed, certified, and filed, the plaintiff therein must serve a copy thereof upon the opposite party or his attorney, or obtain an acknowledgment of service. Code, § 6-911. The section just cited further provides, "and they alone are parties defendant in the appellate court who are thus served." *Izlar* v. *Central of Ga. Ry. Co.,* 162 *Ga.* 558 (134 S. E. 315); *Conaway* v. *Scott,* 194 *Ga.* 841 (22 S. E. 2d, 806); *South Side Atlanta Bank* v. *Anderson,* 200 *Ga.* 322 (37 S. E. 2d, 404).

2. Where there is a non-resident defendant in error who is not represented by counsel, the bill of exceptions may be served, upon request of counsel for the plaintiff in error, by the clerk of the court by mailing a copy of same. There is no other provision of law for service by mailing a copy. *Presley* v. *Jones,* 139 *Ga.* 814 (78 S. E. 126).

3. Although, where one is sued in several different capacities, he must be served with a copy of the bill of exceptions, yet, where a copy is handed to such one in person, this is tantamount to serving him in each of the capacities in which he is sued, and the writ of error is not subject to dismissal because there do not appear to have been as many services on such person as there were capacities in which he was sued. *Jordan* v. *Harber,* 172 *Ga.* 139 (2) (157 S. E. 652).

4. In accordance with the foregoing rules of law, the present writ of error showing that Mrs. Ada D. Bodenheimer, although suing in her official capacity as a trustee, is nevertheless a defendant in her individual capacity, and that the judgment in favor of the plaintiffs as trustees of her husband's will is favorable to her in that it authorizes the trustees to pay both the State and Federal income taxes upon the amount which she is given under the will, she was therefore interested in sustaining the judgment, and would be adversely affected if the judgment is reversed. She is named and designated as a defendant in error. The record showing that, although she is made a defendant in error, she has not been served, nor has she waived or acknowledged service, nor has a copy of the bill of exceptions been mailed to her by the clerk of the court, the motion to dismiss upon this ground must be sustained.

*Writ of error dismissed. All the Justices concur, except Almand, J., who is disqualified.*

No. 16734. SEPTEMBER 12, 1949. REHEARING DENIED OCTOBER 13, 1949.

*Alex M. Hitz,* for plaintiffs in error.
*Powell, Goldstein, Frazer & Murphy,* contra.