22200. ROSSVILLE CRUSHED STONE, INC. v. MASSEY.

Submitted September 11, 1963—Decided November 13, 1963.

*Frank M. Gleason*, for plaintiff in error.

*Paul W. Painter*, contra.

Grice, Justice. The issues here emanate from a suit filed by Arnold Massey against Rossville Crushed Stone, Inc., in the Superior Court of Walker County, for damages and injunction against further blasting in its quarry operations. To that suit the stone company interposed a plea to the jurisdiction based on lack of legal process and service upon it. Also, it filed general and special demurrers to the petition. Upon oral motion of the plaintiff, the trial court struck the plea to the jurisdiction on the ground that it did not set forth any facts which would authorize the granting of it. It also overruled all grounds of the demurrers. Error is assigned on both of those rulings.

The defendant's plea to the jurisdiction alleged in substance as follows: that it is a foreign corporation organized and existing under the laws of Tennessee but qualified under the laws of Georgia to do business here; that it designated, pursuant to *Code Ann.* § 22-1507, a named person in Atlanta, Georgia, as its agent for service of process issuing from the courts of this State; that it operates a rock crushing business within Walker County, Georgia, and has officers at that place of business upon whom process issuing from the courts of this State may be served; that the venue of this action is in Walker County under the provisions of *Code Ann.* § 22-1509; that jurisdiction of the defendant may be acquired by the Superior Court of Walker only by the service of process on it there, and not by service on its designated agent for service in Fulton County; that the plaintiff has attempted to acquire jurisdiction of the defendant by a second original petition and process directed to the Sheriff of

Fulton County and served on such designated agent in that county; that process should have been directed to the Sheriff of Walker County and served on the officers of this defendant at its place of business in Walker County; that the process issued and served on this defendant is insufficient to acquire jurisdiction of it or require it to answer; that this court is therefore without jurisdiction of it; and that this action should be dismissed. The plea further alleged that the issuance of the second original process was unauthorized by law because the petition contained no specific prayer therefor, and for this reason jurisdiction of the defendant was not acquired.

As we appraise them, the foregoing allegations are sufficient and should not have been stricken.

In support of the method of service employed here as acquiring jurisdiction over this defendant the plaintiff relies upon an Act approved January 31, 1946 (Ga. L. 1946, pp. 687, 689; *Code Ann.* § 22-1509). It provides in relevant part as follows: "A foreign corporation, doing business in this State, *and which does not maintain a place of business or agent in this State upon whom service may be perfected,* shall be suable hereunder in any county of this State in which  .  .  .  the tort sued for or any part thereof was committed, or in any county in this State wherein the person or persons designated by such corporation under Section 22-1507 to accept service shall reside. In the event suit is brought in a county in which  .  .  .  the tort sued for or any part thereof was committed, and in which the person or persons designated by such corporation under the provisions of section 22-1507 to accept service shall not reside, service of said summons or process may be perfected upon such corporation by a second original served upon such person or persons in any other county of this State designated by such corporation as its agent to receive service of summons and process under section 22-1507 and in the absence of a person or persons designated by the corporation to receive service as provided by section 22-1507 summons and process may be served upon the Secretary of State as provided in section 22-1508." (Emphasis ours.)

The 1946 Act of which the foregoing section is a part, and its 1959 amendment, show a legislative purpose to provide for venue

and an effective method of service of process upon those foreign corporations *which do business* in this State *and yet do not maintain a place of business or an agent* here upon whom service may be perfected, excluding those foreign corporations now required to file a copy of their charters with the Comptroller General and Insurance Commissioner, and to designate an agent for service.

Therefore, it is not applicable here. While the defendant has designated a specified agent in Fulton County for service pursuant to the above section, nevertheless it has a place of business, together with officers and agents in Walker County, on which service of process may be had in this suit. Therefore, the provisions of the second sentence of that section, relating to service upon such designated agent residing in another county, do not apply. Those provisions apply only when they fit the facts of the first sentence which relate to "a foreign corporation, doing business in this State, *and which does not maintain a place of business or agent in this State* upon whom service may be perfected." (Emphasis ours.)

Instead of the foregoing procedure, this defendant, having in this State a place of business and an agent upon whom service could be had, was amenable in the same manner as an ordinary domestic corporation under the provisions of *Code* § 22-1101, by service of process by the Sheriff of Walker County upon "any officer or agent of such corporation or by leaving [process] at the place of transacting the usual and ordinary public business of such corporation. . ."

The decision by this court in *Seminole County Bd. of Educ. v. American Ins. Co.*, 180 Ga. 661 (1) (180 SE 229), relied upon by the defendant here, involved service of process upon an insurance company by the means of *Code Ann.* § 56-603, applicable to insurance corporations only. The effect of that decision will not be extended to the facts of the instant case.

The plea is not deficient, as contended, in not alleging what other court has jurisdiction (*Code* § 81-503); here, the attack is not on venue of Walker Superior Court but on service of process from that court.

For the foregoing reasons we determine that the plea sets forth

facts authorizing the relief sought and that the striking of it was erroneous. It is unnecessary to consider the further objection to the service, lack of a specific prayer for issuance of second original process.

■ Further attack on jurisdiction is made in the defendant's ground of demurrer which asserts that the plaintiff's petition shows upon its face that the Superior Court of Walker County is without jurisdiction of the alleged cause of action or of the defendant.

In our view the attack on the court's jurisdiction of the cause of action, i.e., venue, is meritorious.

The venue of equity cases is in the county where a defendant resides against whom substantial relief is prayed. Constitution, Art. VI, Sec. XIV, Par. III (*Code Ann.* § 2-4903). As to the residence in this State of foreign corporations, the rule is that "A foreign corporation doing business in this State may for purposes of suit be treated as a resident of this State and of any county therein in which it has an agent upon whom service can be perfected." *Saffold v. Scottish American Mortgage Co.,* 98 Ga. 785, 787 (27 SE 208).

The allegations of this petition as to residence of the defendant are: the defendant is a nonresident corporation, with its principal office in Tennessee, and is qualified to do business in this State; it has a "place of business" at a stated address in Walker County, where it operates a rock quarry; and it has designated as its agent for service of process in this State, a named person in Fulton County.

It is seen that, although the petition alleges that the defendant foreign corporation has a place of business in Walker County, it does not allege that it has in that county an *agent* upon whom service of process can be perfected. Therefore, it does not show residence in Walker County of the defendant, which is necessary to give the superior court of that county jurisdiction of this alleged cause of action. See *Modern Homes Constr. Co. v. Mack,* 218 Ga. 795 (130 SE2d 725).

The allegations in the defendant's plea to the jurisdiction, considered in Division 1 of this opinion, that it has officers in Walker County upon whom service can be perfected, can not be

considered in testing the plaintiff's petition against demurrer.

For the foregoing reasons, the demurrer attacking the court's jurisdiction of the cause of action should have been sustained.

This ruling renders further proceedings nugatory, and it is therefore unnecessary to consider the other errors complained of here.

*Judgments reversed. All the Justices concur, except Head, P. J., Almand and Grice, JJ., who dissent from Division 1 of the opinion.*

GRICE, Justice, dissenting. What is stated and ruled in Division 1 represents the views of the majority and not my own. As I view the allegations of the plea to the jurisdiction, they were not sufficient and were properly stricken. Therefore, I respectfully dissent from Division 1 of the opinion.

The allegations of the plea show valid service of process since they recite that the defendant is a foreign corporation which, in qualifying to do business in this State, had designated a named person residing in Atlanta as its agent for the service of process issuing from the courts of this State, pursuant to *Code Ann.* § 22-1507 (Ga. L. 1946, p. 687), and that service of a second original petition and process, directed to the Sheriff of Fulton County, was served on such designated agent for service.

(a) The service was not invalid because made on the defendant's designated agent for service in Fulton County, rather than on its officers at its place of business in Walker County.

The statute above referred to, *Code Ann.* § 22-1507, provides as follows: "Any foreign corporation,. not domesticated under the laws of this State [which] shall do business in this State or which shall do any act in the State while doing business herein which may subject it to liability to any person, and which does not maintain a place of business and agent in this State upon whom service may be perfected, shall be deemed to have consented that any summons, notice or process in connection with any action or proceeding in the courts of this State growing out of or based upon any business done in this State may be sufficiently served upon it by serving the same upon the Secretary of State of this State, unless said corporation shall designate and keep designated some person or persons who may be found and served

with notice, summons or process in this State, as its agent or agents for such service, by a designation or designations to be filed, from time to time, in the office of said Secretary of State, giving the names of such agent or agents and the place or places in this State where such agent or agents may be found and served."

The defendant corporation, having designated and kept designated such an agent for service, can not now assert that service on that agent, in reliance on its designation, is invalid. The purposes of service have been accomplished—the defendant has notice and a copy of the suit—and accomplished through its own selected agent rather than just any agent the plaintiff happened to find and serve. The defendant is not prejudiced in the least by such service.

The fact that this corporation now has a place of business in Walker County with officers upon whom service might be had does not render invalid the service upon the agent which it had designated and kept designated. Although the provisions of *Code* § 22-1101, as to service on corporations generally, have been held applicable to service on foreign corporations with a place of business or agent in this State, I know of no statute or decision which renders service under that section exclusive of any other method in the situation here. *Code Ann.* § 22-1507, supra, providing for the designated agent where a corporation has no place of business or agent in the State, does not prohibit service upon such agent where the corporation later does have a place of business or agent within the State.

The situation here is quite similar to that in *Seminole County Bd. of Educ. v. American Ins. Co.*, 180 Ga. 661, supra, headnote 1, where this court held: "In a suit against a foreign insurance company, where the company has appointed a resident of this State as its attorney in fact upon whom service may be perfected as provided by statute, the plaintiff may adopt this method of service regardless of whether the company has an agent in the county in which the suit is filed." Although that decision was based, in part, on statutes which related only to insurance corporations, the reasoning is sound and is applicable here. The court there said (p. 670): "Each mode of service would afford

complete protection to the defendant, and it is difficult to perceive why the adoption of either method in preference to the other should be of any just importance to such party. On the other hand, how might a plaintiff know with certainty who was or who was not an authorized local agent upon whom service might be perfected? A lack of information upon this question might result in delay, if not the ultimate defeat of a just cause of action. Manifestly, it was within the purpose of the legislature to remove the mere matter of service from hazards of this kind, by requiring each foreign insurance company desiring to transact business in this State to appoint in writing some person as its resident agent or attorney in fact upon whom service might be perfected. . . This was to make provision for a definite and certain method of service which could be adopted by any suitor without reference to existing laws. . . To say that the service provided thereby can be obtained only when it is shown that there is no local agent upon whom service can be made is to . . . misconceive the wise and beneficent purpose of the legislature in the passage of this law. . ."

(b) Nor was the service upon the designated agent invalid upon the ground that since the petition contains no prayer for a second original, the issuance of a second original petition and process by the clerk was unauthorized.

From all that appears this service was made in accordance with the cumulative method of *Code Ann.* § 81-221 (Ga. L. 1945, p. 147), which provides that ". . . if the party to be served is not a resident of the county in which the action or proceeding is pending, he may be served in any other county in which he may be found by the sheriff of that county, or his deputies, delivering to said party such process, summons or notice, or by serving such party in any manner now provided by law. Whatever sheriff or deputy shall serve such process, summons, or notice may make the return of service upon the original or a second original. Upon the request of the party or his attorney desiring the service to be made, the clerk of the court in the county in which the action or proceeding is pending shall issue one or more second originals upon which such entries of service may be made and returned to the proper court. It

shall be no objection to the service or the return that the process or summons was not directed to the officer making the service."

These provisions for perfecting service upon a party residing in another county necessarily include service upon a corporate party's designated agent so residing since a corporation may be served only through its agents.

It will be noted that this statute was enacted in 1945, subsequently to the decisions, such as *First Nat. Bank of Charleston v. Dukes,* 138 Ga. 66 (74 SE 789), holding that the authority for second originals was limited to cases where two or more defendants were joined in the same action and one of them resided in a county other than that where the suit was brought.

The trial court, in my view, properly held that the plea to the jurisdiction failed to set forth facts which authorized the relief sought and properly struck it.

I am authorized to state that Presiding Justice Head and Justice Almand join me in this dissent.