23153, 23154. CLOSE v. WALKER LAND
CORPORATION et al.

QUILLIAN, Justice. 1. In this case the appellant chose to proceed both by a bill of exceptions and by notice of appeal. We can not consider the bill of exceptions because the certificate of service reads: "I do hereby certify that I have served a copy of the within and foregoing bill of exceptions after certification thereof by the trial court to John H. Campbell . . . Largo, Florida; Margaret Jenkins-Handley . . . Fort Lauderdale, Florida; Pigeon Mountain Properties, Inc., . . . Atlanta, Georgia; Cook & Palmour, Attorneys at Law, . . . Summerville, Georgia; Parker & Parker, Attorneys at Law, . . . Atlanta, Georgia, by mailing each of the

named individuals a copy of the same to the respective addresses as shown above by regular United States mail with sufficient postage attached thereto to insure its delivery." The certificate was signed by counsel for the plaintiff in error.

Under the rules applicable to a bill of exceptions this court has held: "Where there is a nonresident defendant in error who is not represented by counsel, the bill of exceptions may be served, upon request of counsel for the plaintiff in error, by the clerk of the court by mailing a copy of same. [1933 Code § 6-914.] There is no other provision of law for service by mailing a copy. *Presley v. Jones,* 139 Ga. 814 (78 SE 126)." *Bodenheimer v. Fulton Nat. Bank,* 205 Ga. 829 (2) (55 SE2d 357). The instant certificate was not pursuant to *Code* § 6-914, and service by mail would not give this court jurisdiction of the bill of exceptions. See *Jordan v. Harber,* 172 Ga. 139, 153 (157 SE 652), and *Kirby v. Woods,* 212 Ga. 20 (3) (90 SE2d 4).

We can not treat this instrument, designated a bill of exceptions, as tantamount to a notice of appeal under the 1965 Act because it was filed with the clerk of the trial court 32 days after the entry of the judgment complained of and hence would not be timely under Section 5 of that Act (*Code Ann.* § 6-803).

2. We now pass upon the notice of appeal as tested by the Appellate Practice Act of 1965, Ga. L. 1965, p. 18, as amended Ga. L. 1965, p. 240. Section 13 of that Act provides: "No appeal shall be dismissed or its validity affected for any cause or consideration of any enumerated error refused, except . . . (4) where no enumeration of the errors relied upon is filed by appellant with the clerk of the appellate court within the time prescribed by section 14 hereof." *Code Ann.* § 6-809. Section 14 requires that: "the appellant . . . shall, at the time the brief is filed in the Supreme Court . . . , file with the clerk of the appellate court an enumeration of the errors relied upon . . ." *Code Ann.* § 6-810. Under our rules the appellant's brief must be filed within 15 days after the appeal is docketed. Rule 20, Rules of the Supreme Court of the State of Georgia. Here the appeal was docketed in this court on August 23, 1965, and the brief for appellant was filed on September 7, 1965, within the time required by Rule 20. However, the enumeration of errors by the appellant was not filed at that time, but on September 10, 1965. Hence, it is clear that the appellant failed to com-

ply with the necessary procedural requirements of the 1965 Act. See *Windsor v. Southeastern Adjusters, ante.*

*Appeal dismissed in Case No. 23153. Bill of exceptions dismissed in Case No. 23154. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED OCTOBER 13, 1965—DECIDED OCTOBER 19, 1965—
REHEARING DENIED NOVEMBER 4, 1965.

*Westmoreland, Hall & Pentecost, Harry P. Hall, Jr.,* for plaintiff in error.

*Cook & Palmour, A. Cecil Palmour, Parker & Parker, Richard L. Parker,* contra.