## 41576, 41580, 41588, 41589. HAYES v. STRICKLAND et al.; and vice versa (two cases).

ARGUED OCTOBER 4, 1965—DECIDED OCTOBER 20, 1965—
REHEARING DENIED NOVEMBER 12, 1965.

*William M. Morrison, Hugh G. Head, Jr.,* for appellants.

*Merritt & Pruitt, Frank Love, Jr., Robert W. Patrick, Powell, Goldstein, Frazer & Murphy, Stark & Stark, Homer M. Stark,* for appellees.

DEEN, Judge. ■ The action against Mrs. Buchanan individually is predicated on an allegation that she "is liable with other defendants because she is the mother of Harold C. Harrison and furnished the car he was driving for his pleasure and use as a family purpose car." The defendant demurred generally on the ground that the petition set out no cause of action against her and specially to the allegation that the car he was driving was a family purpose car as a conclusion because the plaintiff did not allege that it was owned by her or that her son was a member of her household. The trial court sustained the demurrers and allowed twenty days for amendment. The plaintiff then amended to allege that at all times material to the suit Harold Harrison was a resident and member of Mrs. Buchanan's household. No further order was taken. "By meeting the ruling of the court by amending [the pleader] waives the right to except to the ruling that his pleadings are open to attacks made by the demurrer." *Jenkins v. Atlanta Police Relief Assn.,* 54 Ga. App. 209, 211 (187 SE 597). The tender of an amendment within the time allowed is sufficient to preserve the jurisdiction of the court and to prevent the dismissal of the petition until further order. *Parker v. Giles,* 71 Ga. App. 763 (1) (32 SE2d 408). Where a demurrer to a petition as originally drawn is sustained with leave to amend and a material amendment is filed within the time limited, the demurrer if insisted upon must be renewed, and the order sustaining the original demurrer presents only a moot question. *Hughes v. Purcell,* 198 Ga. 666 (1) (32 SE2d 392). A demurrant who calls for and receives further information may not contend that the amendment offered is immaterial. *Jenkins v.*

*Jenkins,* 212 Ga. 211 (3) (91 SE2d 491). A parent who furnishes an automobile for the pleasure and convenience of the members of his family makes the use of such vehicle for such purpose his business, and a member of the family driving it with the parent's express or implied consent renders the parent liable for his negligence. *Griffin v. Russell,* 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994). The doctrine is as applicable where it is owned or furnished by the mother as where it is provided by the father. *Ficklen v. Heichelheim,* 49 Ga. App. 777 (176 SE 540). Nor is ownership per se a necessary factor. *Hirsch v. Andrews,* 81 Ga. App. 655 (59 SE2d 552). It follows that where the plaintiff amended to meet the specific ground of demurrer urged, the order granting leave to amend presents no question for decision. It was error to dismiss this defendant in her individual capacity as a party defendant.

■ There are no exceptions stated in *Code* § 113-1526 to the rule that an action to recover a debt due by the decedent shall not be commenced against the administrator of the estate of such decedent until the expiration of 12 months from his qualification. A temporary administrator is, no less than a permanent administrator, a personal representative of the estate (*Louisville &c. R. Co. v. Chaffin,* 84 Ga. 519 (11 SE 891)), and may therefore be made a defendant in an action such as this under the provisions of *Code Ann.* § 3-505, after the statutory time has lapsed. If, after a temporary administrator is appointed, a petition is filed with the ordinary of the county seeking a judgment of no administration necessary (*Code Ann.* § 113-1234) or, if no objections are filed and an order is granted and the proceeds of the estate distributed, the creditor has a right to proceed directly against the heirs to the extent of the property received by each. *Code Ann.* § 113-1238. "Where there is no necessity for the appointment of a permanent administrator and a temporary administrator has been appointed, the temporary administrator may be discharged in the same manner as provided for discharge of permanent administrators." *Code Ann.* § 113-1240.

It is contended that Mrs. Buchanan as temporary administratrix is estopped to rely on her twelve-month exemption from

suit because of her pleading filed with the ordinary within the period alleging that all debts were paid and that she has distributed the assets of the estate to herself as sole heir at law of the decedent. It does not appear whether or not the decedent owned any real estate, but obviously the only assets to which Mrs. Buchanan had title as a temporary administrator must consist of personalty, and she had no authority in this capacity to make any distribution of real property. *Langford v. Langford,* 82 Ga. 202 (8 SE 76). Thus the plaintiff has a remedy by, (a) filing objections in the court of ordinary to any pleading seeking confirmation of a distribution of the estate or discharge of the temporary administrator; (b) if such distribution is made, suing the heirs directly as such distributees to the extent of the respective shares received by each; (c) after the expiration of 12 months, bringing an action against the administrator. In the latter event the surety would be liable on a judgment against the administrator, but the mere fact that the temporary administrator seeks an order approving a distribution to herself does not estop her and her surety from defending on the ground that an action against her on the bond was brought prematurely. The trial court did not err in sustaining the plea in abatement and the general demurrers of Mrs. Buchanan as temporary administratrix and Thompson as surety on the bond.

■ Where the drivers of two automobiles see fit to race each other at an unlawful rate of speed on a public highway and another is injured thereby, the negligence of both drivers is concurring. *Landers v. French's Ice Cream Co.,* 98 Ga. App. 317 (106 SE2d 325, 74 ALR2d 1050). This petition alleges the location of the collision with exactitude, and sets out that the oncoming cars were abreast, were being driven at approximately 100 miles per hour, that they had within the preceding 10 seconds driven through a 35-mile speed zone and across a narrow bridge; that they were proceeding up a hill approaching a sharp curve, and that their negligence in causing the collision was concurrent. Sufficient facts are set out to support the conclusion pleaded that a safe and reasonable speed at the time would have been 35 miles per hour and that the negligence of the defendant drivers was concurrent. The location of the speed zone and of

the bridge is sufficiently alleged in regard to the place of collision. It was accordingly error for the trial court to sustain the five grounds of special demurrer urged by the defendants Strickland on the ground that the above allegations constituted conclusions of the pleader.

█ A cross appellant in this court must, at the time the brief is filed in the clerk's office, also file an enumeration of the alleged errors relied upon therein. *Code Ann.* § 6-810, Ga. L. 1965, pp. 240, 243. Under Rule 15 of the Court of Appeals briefs of cross appellants must be filed within 15 days of the day the cross appeal is docketed, and failure to do so will be construed as an abandonment of the appeal unless it be shown to the court that the failure was due to providential cause occurring prior to the expiration of the time for filing. Since no enumeration of errors or brief was filed by the cross appellant in cases 41588 and 41589 within the time limited and there has been no showing that the delay was due to providential cause, the cross appeals are dismissed for lack of prosecution.

*Judgment reversed in part and affirmed in part in case No. 41576; reversed in case No. 41580. Cross appeals 41588 and 41589 dismissed. Felton, C. J., and Jordan, J., concur.*