41704. HORTON et al. v. WESTERN CONTRACTING CORPORATION et al.

ARGUED JANUARY 3, 1966—DECIDED MAY 10, 1966.

*Oze R. Horton*, for appellants.

*Swift, Currie, McGhee & Hiers, William W. Horton, Wallace & Wallace, Charles J. Driebe, Henry L. Bowden, Robert S. Wiggins*, for appellees.

FELTON, Chief Judge. ▋ At the time the notice of appeal was received by the clerk of this court the rule of this court was mandatory that the clerk give appellant notice of the docketing of the case. Since such notice was mandatory the case was not docketed until the notice was mailed by the clerk. In this case the clerk gave no notice, by mailing it or otherwise, so at the time of appellant's request for additional time the case had not been docketed because no notice was given. Under such circumstances the time for filing the brief and enumeration of errors had not expired and this court had jurisdiction of the

case and jurisdiction and power to correct its unfortunate omission and provide time for the filing of the brief and enumeration of errors. In view of the rule existing at the time, upon which the bar had the right to rely, it would be a travesty on justice to say that this court was powerless to prevent harm from being done by an omission of the court itself. It is too late, after the event, to say that our original rule as to notice of docketing was a matter of courtesy, as provided in the amended rule. The motion to vacate the order of a majority of the nine judges of this court allowing time for the filing of the brief and enumeration of errors is denied. This conclusion is reinforced by the fact that the time for filing the enumeration of errors and briefs is in reality fixed by the rules of this court and not by law alone. For powers of this court generally see *Code* §§ 2-3708, 24-4016. Moreover, the Appellate Practice Act of 1965 was amended in 1966 (Ga. L. 1966, pp. 493, 500, Sec. 10) to provide that a failure to file an enumeration of errors is no longer a statutory ground for the dismissal of an appeal. An enumeration of errors has been filed and argued by brief. This particular amendment relates to procedure only and is therefore retrospective as it applies to the facts in this case. *Scott v. Oxford,* 105 Ga. App. 301, 303-305 (124 SE2d 420). The motion to reverse our previous action and to dismiss the appeal is denied.

■ The second question in this case is whether the court had jurisdiction of the Western Contracting Corporation. Since the amendment to the petition alleged that Western did not maintain a place of business in Georgia and did not have an ordinary agent for service therein, the court obtained jurisdiction of Western in the absence of facts showing the allegations above to be untrue. This question was definitely settled, as to superior courts, by the majority opinion in *Rossville Crushed Stone, Inc. v. Massee,* 219 Ga. 467 (133 SE2d 874). The provisions of the Act creating the Civil Court of Clayton County providing that suits against joint obligors, etc., must be brought in Clayton County where one or more of the defendants resided in Clayton County comes under the rule enunciated in the case above cited for the reason that said Act provides that the jurisdictional provision comes under the same rules and regulations covering said cases in the superior court. Ga. L. 1964, p. 2032. This

means that a nonresident is treated as a resident of Clayton County where the nonresident defendant has no agent for service in Clayton County, the injury occurred in Clayton County, and service is had upon a designated agent in another county. *Code Ann.* § 22-1507. The court erred in sustaining Western's demurrer on jurisdictional grounds.

■ The last question raised is whether the court had jurisdiction of the City of Atlanta. All civil cases at law must be filed in the county in which the defendant resides. *Code* §§ 2-4906, 3-201. We think that this question is answered by the rationale of the ruling in *Benton Rapid Exp., Inc. v. Johnson*, 202 Ga. 597 (43 SE2d 667). It was there held that an action could not be instituted against a resident of Georgia in a county other than that of the resident's residence where the nonresident motorist was found and served. Such a fictitious residence of the nonresident motorist was held not sufficient to authorize the joining of a resident of Georgia outside the county of his residence. The jurisdiction of the nonresident, under *Code Ann.* § 22-1509 is not sufficient to authorize joining in an action against the nonresident, a resident of Georgia who or which does not reside in the county where the action is filed. The court did not err in sustaining the demurrer of the City of Atlanta on the jurisdictional ground.

*Judgments affirmed in part; reversed in part. Nichols, P. J., Bell, P. J., Jordan, Hall and Deen, JJ., concur. Eberhardt, J., concurs specially. Frankum and Pannell, JJ., dissent.*

EBERHARDT, Judge, concurring specially as to Division 1.

I cannot agree with the proposition that because appellant did not receive from the clerk of this court notice of docketing of the case he was free to sit idly by and do nothing. "The miscarriage of the mail, in the transmission of papers to the clerk, is no ground for continuing a case, unless shown to be from Providential cause." *Shackleford v. Hays*, 3 Ga. 415. Accord, *Osborn v. Hale*, 70 Ga. 731. "The ordinary delays of the mails do not constitute providential cause." *Griffith v. Mitchell*, 117 Ga. 476 (43 SE 742). We do have a rule calling for the sending out of the notice, but that is a matter of courtesy to counsel, and to make it clear we have amended the rule spelling that out. Counsel knew that the clerk of the trial

court had sent the record up. If he had any doubt that it had been received and docketed within the usual time for mail to carry it from the trial court to the clerk of this court he could have made inquiry of our clerk. Indeed, *after some two months* he did so. It is the duty of counsel to keep up with the progress of his client's case at every stage from the time it is filed until it is finally disposed of in order that he may faithfully, honestly and consistently represent the interests and protect the rights of his client. This duty extends not only to the client but to the courts as well. Rule 3-121, Rules and Regulations for Organization and Government of the State Bar of Georgia. "Diligence, both of counsel and parties litigant, is necessary if courts are to function in an orderly and proper manner. *Vigilantibus et non dormientibus jura subvemunt." Dowis v. McCurdy,* 109 Ga. App. 488, 490 (136 SE2d 389).

It was and is my view that this court could, for providential reasons, extend the time of filing the enumeration of errors under § 6 of the Act (*Code Ann.* § 6-804). "Providential cause has been recognized as a ground for reinstating a case after it has been dismissed, but no other ground has been so recognized." *Griffith v. Mitchell,* 117 Ga. 476, 478, supra. But no providential reason appeared in connection with the request made on December 15 (see *Griffith v. Mitchell,* supra, at p. 479), and the order which we entered December 20, 1965, was improvidently granted and should have been vacated.

However, I find myself in agreement that the amending Act of 1966 applies to any case then pending, whether in the trial or the appellate court. *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759); *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780). Consequently, there should now be no dismissal on the ground that the enumeration of errors was not timely filed.

I concur in Divisions 2 and 3 of the majority opinion.

PANNELL, Judge, dissenting. In my opinion, under the Appellate Practice Act of 1965 as amended to date, the Court of Appeals has no authority or jurisdiction to extend the time for filing the enumeration of errors beyond the time originally set by the rules of this court for the filing of appellant's brief.

A notice of appeal from a final judgment rendered therein was

filed on October 15, 1965, in a lower court from which a direct appeal to this court is authorized by law and the case was docketed in this court on November 5, 1965, and the clerk of the lower court certified that the delay of transmittal was not occasioned by appellant. The clerk of this court failed to notify appellant, or his attorney, of the docketing of the case in this court (Rule 15(d); 111 Ga. App. 889). The appellant failed to file an enumeration of errors on or before the time set by the rules of this court for filing a brief, that is, within 15 days after the case was docketed in this court. Upon receiving notice of the call of the case (Rule 26(b)), the following letter, directed to the court under date of December 15, 1965, was received by the clerk:

"Re: # 41704
Horton v. Western Contr. Corp., et al.

"I find the above case on the calendar this court for hearing on the 3rd of January, 1966.

"Appeal notice was given October 15th 1965, in Clayton Civil Court.

"I have waited expectantly for notice of docketing in order that I might file a brief but I have not to this day received such notice. I have inquired on several occasions at Jonesboro to determine if the record had been sent up to the Court of Appeals and I was advised that they had notice of its receipt in that court. I felt that receipt and docketing might be two different things, controlled by the clerk.

"This is an effort on my part to protect a right which I feel I have in my property and is important to me and my wife.

"I am ready to draw and file a brief and have been so. If extended time, I can file such brief and enumeration of errors within a week. Whether this should be laid to me, I do not know. But, please advise me of what steps or action I should take in this matter which will protect the rights which I have, or may have. Respectfully yours, /s/ Oze R. Horton. Copy mailed to opposing counsel 12-16-65. Oze R. Horton."

This court, on December 20, 1965, entered the following order entitled in the cause: "It appearing that counsel for appellant was not notified of the docketing of this case; It is ordered that

the time for filing briefs for appellant and the enumeration of errors be extended until December 23, 1965. It is further ordered that opposing counsel have ten (10) days from that date in which to file brief for appellee." Prior to the call of the case, the appellee filed a written motion to vacate the order granting the extension of time for the filing of the enumeration of errors.

There is thus squarely presented for decision the question of the authority and jurisdiction of this court to grant an extension of time for filing an enumeration of errors in a case transmitted and docketed in this court pursuant to a notice of appeal.

Section 14 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 29), as amended by § 2 of the Act approved March 4, 1965 (Ga. L. 1965, pp. 240, 243; *Code Ann.* § 6-810), provides that "the appellant and cross appellant shall, at the time the brief is filed in the Supreme Court or the Court of Appeals, as the case may be, file with the clerk of the Appellate Court an enumeration of the errors relied upon, . . ." The Act does not set the time for filing the brief. The time for filing the brief of the appellant or cross appellant was left to the discretion of the appellate court and is set by the rules of this court to be 15 days after the case is docketed. Rule 15(a) (111 Ga. App. 883, 889).

Rule 13(a) (111 Ga. App. 883, 888) provides that "the Enumeration of Errors shall be filed in this court in accordance with the provisions of the Appellate Practice Act of 1965." Rule 15(b) (111 Ga. App. 883, 889) provides for an extension of time for filing a brief in the following language: "Failure of the appellant to file a brief within the time required shall be construed as an abandonment of the appeal; provided, however, the appeal may be reinstated upon or before the call of the calendar by a showing that the failure was due to providential cause occurring prior to the expiration of the time of filing."

There is no specific provision contained in the rules of this court for extending the time for filing an enumeration of errors.

Section 13(b) of the Appellate Practice Act as amended by § 1 of the Act approved March 4, 1965 (Ga. L. 1965, pp. 240, 243; *Code Ann.* § 6-809), provides that "no appeal shall be dismissed or its validity affected for any cause or consider-

ation of any enumerated error refused, except for (1) failure to file notice of appeal within the time required as provided in this Act or within any extension of time granted hereunder; (2) where the decision of judgment is not then applicable; (3) where the questions presented have become moot; or (4) where no enumeration of the errors relied upon is filed by appellant with the clerk of the appellate court within the time prescribed by section 14 hereof."

This court, on October 20, 1965, rendered an opinion in which it said in headnote 4: "Under the new Appellate Practice Act the enumeration of errors must be filed in the office of the Clerk of the Court of Appeals by the appellant in a cross appeal at the time the briefs are filed, which must be within 15 days after the cross appeal is docketed in the clerk's office. *No extension of time for filing the enumeration of errors can be granted except for providential cause occurring prior to the expiration of the time for filing these documents."* (Emphasis added). *Hayes v. Strickland,* 112 Ga. App. 567, 568 (4) (145 SE2d 728). And, in division 4 of the opinion, it said: "A cross appellant in this court must, at the time the brief is filed in the clerk's office, also file an enumeration of the alleged errors relied upon therein. *Code Ann.* § 6-810 (Ga. L. 1965, pp. 240, 243). Under Rule 15 of the Court of Appeals, briefs of cross appellants must be filed within 15 days of the day the cross appeal is docketed, and failure to do so will be construed as an abandonment of the appeal unless it be shown to the court that the failure was due to providential cause occurring prior to the expiration of the time for filing. Since no enumeration of errors or brief was filed by the cross appellant in cases 41588 and 41589 within the time limited and there has been no showing that the delay was due to providential cause, the cross appeals are dismissed for lack of prosecution." In rendering this opinion, this court apparently assumed that § 14 of the Act should be construed as meaning that the enumeration of errors could be filed at any time set for the filing of briefs, either originally or as extended by this court, since the only rule of this court relating to extensions of time for providential cause was Rule 15 relating solely to the extension of time for the filing of briefs. This construction

placed upon the Act by this court is in part borne out also by the provisions of § 13(b) as to dismissal by comparison of Item (1) relating to failure to file a notice of appeal, and Item (4) relating to failure to file an enumeration of errors, the first referring to an extension of time, and the latter making no mention of any extension of time. The inference, therefore, was that the time for filing the enumeration of errors was automatically extended by extending the time for filing the briefs.

Be this as it may, it is apparent that the Act makes no provision for extending the time for filing the enumeration of errors unless that time be automatically extended by extending the time for filing the briefs, and this assumption, indulged in by this court in *Hayes v. Strickland*, 112 Ga. App. 567, supra, is no longer tenable in view of the decisions by the Supreme Court in *Yost v. Gunby*, 221 Ga. 552 (145 SE2d 575), and *Undercofler v. McLennan*, 221 Ga. 613 (146 SE2d 635). In both of these cases the time for filing the brief of the appellant was extended by the court. Within the extended time, but not within the original 15 days, the appellant filed a brief and enumeration of errors. While the opinions do not disclose these facts, they do appear in the record. Both cases were dismissed by the Supreme Court because the enumeration of errors was not filed within the time required by the statute. The holding in these two cases necessarily determines that the language of § 14 of the Appellate Practice Act, as amended, requiring the filing of the enumeration of errors "at the time the brief is filed" means the enumeration of errors must be filed within the original time set by the rules of this court for filing briefs. There is no other provision in the Appellate Practice Act for extending the time for filing the enumeration of errors unless it be contained in § 6 of that Act (*Code Ann.* § 6-804), which reads as follows: "Any judge of the trial court, or any justice or judge of the appellate court to which the appeal is to be taken may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of (a) notice of appeal, (b) notice of cross appeal, (c) transcript of the evidence and proceedings on appeal or in any other instance where filing of the transcript is required or permitted by law, (d) designation of record re-

ferred to under section 11 hereof; and (e) any other similar motion, proceeding or paper for which a filing time is prescribed; provided, however, no extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict, and provided further, only one extension of time shall be granted for filing of notice of appeal and notice of cross appeal, and the extension shall not exceed the time otherwise allowed by these rules for the filing of the notices initially. Any application to any court, justice or judge for an extension must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order. The order granting an extension of time shall be promptly filed with the clerk of the trial court, and the party securing it shall serve copies thereof on all other parties in the manner hereinafter prescribed."

Assuming, without deciding, that this section applies to the filing of an enumeration of errors, it is apparent that any application thereunder must be made before the expiration of the period for filing as originally prescribed or as extended by a permissible previous order. (See Rule 12 of this court). Here the application was not so made. Irrespective of this, however, we think that § 13(b) of the Act as amended by the Act approved March 4, 1965, pp. 240, 241 (*Code Ann.* § 6-809), in view of the Supreme Court's construction of § 14, is controlling. This section provides that "No appeal shall be dismissed or its validity affected for any cause or consideration of any enumerated error refused, except for (1) failure to file notice of appeal within the time required as provided in this Act *or within any extension of time granted hereunder;* . . . or (4) where no enumeration of the errors relied upon is filed by appellant with the clerk of the appellate court within the time prescribed by section 14 [*Code Ann.* § 6-809] hereof." A failure to file a notice of appeal within the original time is not cause for dismissal if it is filed within any extension of time properly granted. No such provision as to filing within the extended time is made for the enumeration of errors. It follows, therefore, that "where no enumeration of errors relied upon is filed by appellant with the clerk of the appellate court within the time prescribed by § 14,"

that is, the original time for filing the brief, the appeal must be dismissed. If that be true, *then this court had no authority or jurisdiction to extend the time for filing the enumeration of errors*, and the order so extending the time entered by a majority of the members of this court on December 20, 1965, is void; and none having been filed within the time required by the statute, the appeal must be dismissed. *Windsor v. Southeastern Adjusters, Inc.*, 221 Ga. 329 (144 SE2d 739), holding that the appeal is incomplete where the enumeration of errors is not filed as required by § 14; *Close v. Walker Land Corp.*, 221 Ga. 329 (2) (145 SE2d 245); *Stanford v. Evans, Reed & Williams*, 221 Ga. 331 (145 SE2d 504).

Section 10 of Ga. L. 1966, pp. 493, 500, which eliminated Item (4) of § 13(b) "authorizing" the dismissal of a case where no enumeration of errors is filed within the time prescribed by § 14, even if applicable to the present case, would not prevent a dismissal. Under the decision of the Supreme Court in *Windsor v. Southeastern Adjusters, Inc.*, supra, holding that the filing of the enumeration of errors within the time prescribed by the statute is necessary to complete the appeal, it necessarily follows that the completion of the appeal is jurisdictional. Since the appeal here had not been completed in accordance with the requirements of the statute, this court has no jurisdiction thereof.

Even if this court should indulge in the assumption that the failure to file an enumeration of errors within such time is not jurisdictional, and that this court should acquiesce in the indirect legislative mandate that the case cannot be dismissed in view of the elimination of this ground of dismissal from the statute by the Act of 1966, we would then be faced with another legislative mandate in § 14 of the Act (which provides the time for filing the enumeration of errors) that "errors not enumerated according to this section shall be disregarded." If we cannot dismiss, neither can we decide,—the case would therefore have to be affirmed.

I am authorized to state that Judge Frankum concurs in this dissent.